## SCANDRETT, et al Respondents, v. NORD, Director of Taxation, Appellant

(19 N. W.2d 344.)

(File No. 8781. Opinion filed June 26, 1945.)

**George T. Mickelson,** Atty. Gen., **Benj. D. Mintener,** Asst. Atty. Gen., and **Roy A. Nord,** of Pierre, for Appellant.

**Dwight Campbell,** of Aberdeen, for Respondents.

RUDOLPH, J.   The question presented in this case is whether certain petroleum distillate oil purchased by the plaintiffs in the state of Illinois and used in South Dakota is subject to tax under the Use Tax Act of 1939, Ch. 276, Laws 1939, as amended by Chapters 301, 302 and 303, Laws 1943. The facts are undisputed. Plaintiffs operate an interstate railroad system, a part of which is located within the state. In the operation of this railroad system it is necessary that grass, weeds and vegetation upon the right-of-way be destroyed and also that dust be kept at a minimum.   The distillate oil was purchased to be used and was actually used

along the right-of-way of the railroad in this state either for the purpose of burning weeds on the right-of-way or for the purpose of spraying along the right-of-way to settle dust and destroy vegetation. The distillate oil was received by the plaintiffs at Aberdeen where it was stored and eventually used for the purposes for which it was purchased. The Use Tax Act of 1939 imposes an excise tax upon the privilege of using, storing and consuming in this state tangible personal property. Section 4 of the Act provides certain exemptions from the tax and it is the exemption contained in subdivision 3 of Section 4 which plaintiffs contend, and the trial court found, exempts the storage and use of the distillate oil by the plaintiffs in this state from the tax.

Subdivision 3 of Section 4, so far as here material, exempts "tangible personal property, the storage, use or other consumption of which this State is prohibited from taxing under the Constitution or laws of the United States of America or under the Constitution of this State, or which is used or to be used in operating or maintaining interstate transportation or interstate commerce." Plaintiffs claim that the storage and use of the distillate oil falls within this exemption in that it was used or to be used in operating or maintaining interstate transportation or interstate commerce.

Defendant contends that the exemption relates only to the use, storage and consumption of property which the state is prohibited from taxing, and contends that under the holding of the United States Supreme Court, especially the holding in the case of Southern Pac. Co. v. Gallagher, 306 U. S. 167, 59 S. Ct. 389, 85 L. Ed. 586, the state is not prohibited from taxing the use made by the plaintiffs of this distillate oil. This contention, we are convinced, ignores the explicit language of the exemption. Not only did the Legislature expressly exempt from the tax the use of property which the state is prevented from taxing, but it went further and specifically exempted property "used or to be used in operating or maintaining interstate transportation or interstate commerce." Obviously the purpose of the exemption as contended for by the defendant was fully accomplished without the addition of this quoted phrase. To

construe this section as contended for by the defendant would limit the embrace of the exemption beyond the express language of the Legislature. Our concern, therefore, is not whether the state is prohibited from taxing the use made by plaintiffs of this distillate oil, but rather whether the oil was used or to be used in operating or maintaining interstate transportation or commerce. We emphasize that the statute uses the language "used or to be used." The facts disclosed that this oil was brought into the state "to be used" for the purpose for which it actually was "used". It follows that if this use was for the purpose of operating or maintaining interstate transportation or interstate commerce there was never a moment while the property was in the state that it was taxable under the specific language of the exemption. The facts further disclose that keeping the right-of-way free from weeds and dust is a necessary part of maintaining the right-of-way for the operation of trains. We believe it obvious, therefore, that the use was for maintaining interstate transportation within the meaning of the statute. Further discussion seems unnecessary. We are of the opinion that the storage and use of this oil by the plaintiffs falls clearly within the exemption.

The judgment appealed from is affirmed.

All the Judges concur.