2001 SD 39

**H & R ROOFING OF SOUTH DAKOTA, INC., Appellee,**

v.

**DEPARTMENT OF REVENUE, State of South Dakota, Appellant.**

**Nos. 21586, 21593.**

Supreme Court of South Dakota.

Considered on Briefs on Jan. 8, 2001.

Decided March 21, 2001.

Arvid J. Swanson, Sioux Falls, SD, Attorney for appellee.

Mark Barnett, Attorney General, Michael T. Kenyon, Department of Revenue, Special Attorney General, Pierre, SD, Attorney for appellant.

MILLER, Chief Justice.

[¶ 1.] The South Dakota Department of Revenue (DOR) appeals the circuit court decision reversing DOR's assessment of municipal use taxes against H & R. We reverse.

## FACTS

[¶ 2.] H & R is a roofing contractor. It receives and stores bulk quantities of roofing materials in its rural Lincoln County warehouse. H & R pays the South Dakota state sales tax due and owing on the materials at the time they are delivered to its warehouse, but, as the warehouse is not located in a municipal taxing jurisdiction, no municipal use tax is due at that time. H & R sends these materials to different job sites to complete roofing jobs where the materials are stored, used or consumed. Often these job sites are located in municipal taxing jurisdictions, which have enacted municipal sales and use taxes pursuant to SDCL chapter 10–52. H & R does not pay the municipal use taxes when it transports its roofing materials to these various municipal taxing jurisdictions. It does pay such taxes when the materials are shipped directly to the job sites within taxing municipalities.

[¶ 3.] DOR audited H & R's records and issued a certificate of assessment for $22,114.95. At the hearing, H & R contested only the assessment of municipal use taxes. The Secretary of Revenue upheld the DOR's assessment. H & R appealed to the circuit court, which reversed the Secretary's decision. We reverse the circuit court.

## STANDARD OF REVIEW

The question of whether a statute imposes a tax under a given factual situation is a question of law. Statutes which impose taxes are to be construed liberally in favor of the taxpayer and strictly against the taxing body. *Appeal of Real Estate Tax Exemption for Black Hills Legal Services, Inc.*, 1997 SD 64, ¶ 7, 563 N.W.2d 429, 431 (citing *National Food Corp. v. Aurora Cty. Bd. of Comm'rs*, 537 N.W.2d 564, 566 (S.D.1995); *Thermoset Plastics, Inc. v. Department of Revenue*, 473 N.W.2d 136, 138 (S.D.1991)). Accordingly, we apply the de novo standard of review.

## DECISION

[¶ 4.] **1. H & R owes municipal use tax.**

[¶ 5.] This case involves SDCL 10–52–2, which permits municipalities to impose sales and use taxes. The statute states in pertinent part:

Any incorporated municipality within this state may impose any non-ad valorem tax in accordance with the provisions of this chapter, except upon fuel used for motor vehicles, by ordinance enacted by its local governing board. However, no tax may be levied on the sale, use, storage and consumption of items taxed under chapters 10–45 and 10–46, *unless such tax conforms in all respects to the state tax on such items with the exception of the rate,* and the rate levied does not exceed two percent.

SDCL 10–52–2 (emphasis added). This statute authorizes municipalities to impose sales and use taxes. When the items sought to be taxed are also taxed under state sales and use taxes, the municipal taxes must conform in every manner to the state tax with the exception of the rate. When the language of a statute is plain there is no occasion for construction, we simply declare the plain meaning of the statute as expressed in the statute. *Nickerson v. American States Ins.*, 2000 SD

121, ¶ 11, 616 N.W.2d 468, 470 (citing *South Dakota Subsequent Injury Fund v. Federated Mut. Ins., Inc.*, 2000 SD 11, ¶ 17, 605 N.W.2d 166, 169).

[¶ 6.] Important to our disposition of this case is the purpose of the use tax. We observed in *Northwestern Nat'l Bank of Sioux Falls v. Gillis*, 82 S.D. 457, 467, 148 N.W.2d 293, 298 (1967) that not only was the use tax intended to raise money but it was also intended, "to help the retailers in this state, who are subject to the sales tax, compete on an equal footing with out-of-state competitors." By analogy, the legislature allowed municipalities to impose sales and use taxes for the same reason-to level the playing field between in-municipality competitors and out-of-municipality competitors. Otherwise, out-of-municipality competitors would have an unfair advantage in competing for jobs within the municipality. In this case, H & R would have an unfair advantage over roofing contractors who operate within the municipal taxing jurisdictions where H & R competes for business if H & R is not subject to municipal use taxes in those municipalities.

[¶ 7.] H & R argues, and the circuit court held, that if municipal taxes attach to its roofing materials it must occur concurrently with the imposition of the state sales tax. H & R points to language in SDCL 10–46–6 which prevents the *state* from simultaneously imposing a sales tax and a use tax on the same items and argues this means that once they have paid their state sales tax a municipal use tax cannot attach at a later time. SDCL 10–46–6 states:

> The use in this state of tangible personal property or services, the gross receipts from the sale of which are to be included in the measure of the tax imposed by chapter 10–45, and any amendments made or which may hereafter be made thereto, is hereby specifically exempted from the tax imposed by this chapter.

[¶ 8.] H & R's interpretation ignores the two level of taxes, state and municipal,

provided for by the South Dakota Legislature. On the state level, sales and use taxes cannot be simultaneously imposed. SDCL 10–46–6. Under SDCL 10–52–2 the same is true on the municipal level. A municipality cannot simultaneously impose a sales tax and a use tax on the same items. SDCL 10–52–2; SDCL 10–46–6. Contrary to H & R's assertion, however, the same items can be subject to the state sales or use tax and then later, upon entering a municipal taxing jurisdiction, be subject to that municipality's sales or use tax. SDCL 10–46–6; SDCL 10–52–2. Additionally we note and are mindful:

> The use tax complements and supplements the sales tax by imposing upon those subject to it a tax burden equal to the sales tax in order that property sold or utilized in this state would be taxable once for support of state government. It is not intended to apply to property subject to the sales tax.

*Northwestern Nat'l Bank of Sioux Falls*, 82 S.D. at 467, 148 N.W.2d at 298. This analysis, however, only examines sales and use taxes on the state level because it preceded the legislature's grant of authority allowing municipalities to tax on the municipal level as a separate taxing entity. The circuit court's reliance on *Northwestern Nat'l Bank of Sioux Falls* in this case is misplaced and leads it to an erroneous result.

[¶ 9.] Although we construe statutes imposing taxes liberally in favor of the taxpayer, accepting H & R's interpretation would lead to an absurd result. *Nelson v. State Bd. of Dentistry*, 464 N.W.2d 621, 624 (S.D.1991). H & R's interpretation would defeat the purpose of the Legislature's grant of permission to municipalities to impose sales and use taxes because everyone would avoid it by building receiving warehouses outside of municipal taxing jurisdictions.

[¶ 10.] Additionally, H & R's argument based on a single taxable moment lacks support. Following H & R's sug-

gested interpretation would create an exemption from municipal taxes that are not imposed simultaneously with a state sales tax. This would defy the will of the Legislature expressed in the pertinent statutes. Creation of tax exemptions is exclusively within the province of the Legislature, not the judiciary. *See Burlington Northern R.R. Co. v. Strackbein*, 398 N.W.2d 144, 147 (S.D.1986).

[¶ 11.]  **2.  H & R is not entitled to recover attorney fees.**

 [¶ 12.]  H & R asked to recover attorney fees under SDCL 10–59–34. SDCL 10–59–34 states:

> If a court determines that the *losing* party has taken a position in an audit, hearing or appeal that was not substantially justified, the *losing* party shall reimburse the other party for all court costs and attorney fees associated with the hearing or appeal. The department's reimbursable costs are limited to nonemployee costs.

SDCL 10–59–34 (emphasis added). According to the language of the statute, it is the losing party who is to pay court costs and attorney fees. In this case, H & R is the losing party and thus not entitled to recover attorney fees.

[¶ 13.]  Reversed.

[¶ 14.]  SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.