CITY OF DELL RAPIDS, Respondent, v. McSHANE, Appellant.

(156 N. W. 789.)

(File No. 3830.   Opinion filed March 13, 1916.   Rehearing denied April 11, 1916.)

1.   New Trials—Reversal—Exceptional Rule on Question of Law.
        While ordinarily the granting of a new trial should not be reviewed, such rule does not apply where facts are not involved, but only a question of law.

2.   Licenses—Hawkers and Peddlers—Taxes—Variance Between General Law and City Ordinance—Statute.
        As Laws 1903, Ch. 190, purports to refer only to county taxes upon peddlers, Sec. 5 expressly providing that those affected by the county tax may also be subject to payment of transient merchant tax in cities and towns, held, that a city ordinance imposing such tax is not invalid as conflicting with the general law.

3.   Constitutional Law—Discriminatory Ordinances—Transient Merchants—Statute Excepting Retailers of Their own Production—Ordinance Without Exception.
        Laws 1907, Ch. 86, Sec. 54, Subd. 81, now Laws 1913, Ch. 119, Sec. 53, Subd. 81, makes it the duty of the city council to license and regulate transient merchants, etc., but excepts from its provision persons retailing productions which can be shown to be of his own manufacture or production.   A city ordinance imposed such tax without containing such an exception.   Defendant, a transient merchant, sold fruit not raised in this state or by himself, without procuring a license.   Held, that he is not in a position to raise the question of the constitutionality of said ordinance on the ground that it was discriminary under Const. Art. 6, Sec. 18, declaring that no law shall be passed granting privileges or immunities not granted

on the same terms to all citizens, because of the failure of the ordinance to except such class from its operation.

Polley, P. J., dissenting.

4. **Hawkers and Peddlers—Merchant Selling His Own Production—"Merchant"—City Ordinance, Construction.**

One who, without license, sells apples of his own production, is not a merchant within the meaning of a city ordinance imposing taxes on transient merchants, a fundamental idea conveyed by the word "merchant" being one who buys and sells merchandise; and such is the definition of merchant, under Pol. Code, Sec. 2078, in effect providing that one possessing in this state merchandise and products with authority to sell same, regardless of ownership or place of purchase, to be sold at an advanced price or profit, is a merchant; and such definition applies to said ordinance.

Polley, P. J., dissenting.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Proceeding by the City of Dell Rapids against Martin McShane, for violation of an ordinance requiring transient merchants to pay a tax. From a conviction in police court, defendant appealed to the Circuit Court, being there again convicted. From an order granting a new trial the city appeals. Order reversed and cause remanded.

*G. R. Krause*, City Attorney, (*H. G. Krause* of counsel) for Appellant.

*Parliman & Parliman*, for Respondent.

(3) To point three of the opinion, Appellant cited: Laws 1903, Ch. 190; Laws 1907, Ch. 201; Laws 1907, Ch. 86, Sec. 54, Par. 81; Laws 1913, Ch. 119, Sec. 53, Par. 81; 21 Eng. & Am. Enc. Law (2d Ed) 810, and note; State v. Segel, 60 Minn. 507, 62 N. W. 1134; Bohler v. Schneider, 49 Ga. 195; 25 Cyc. 605; 21 Am. & Eng. Enc. Law (2d Ed.) 804-5.

Respondent cited: Laws 1903, Ch. 190, Sec. 1; Laws 1905, Ch. 147; Laws 1907, Ch. 201; Const. Art. 6, Sec. 18; State v. Doran, (S. D.) 134 N. W. 53; Dillon on Mun. Corp. Vol. 2, Sec. 587; Abbott Mun. Corp. Vol. 2, p. 1300, Notes pp. 1300, 1301, 1302; Webster's Dictionary; State v. Wright, 21 L. R. A. (N. S.) 349.                    ffl

(4) Under point four of the opinion, Appellant submitted that: The record conclusively showing that defendant was a

transient merchant in Dell Rapids, without license, and having admitted on trial that he resided in Clark county and shipped the apples from there for the purpose of selling them in Dell Rapids, and did sell them, he was subject to the city ordinance in question; and cited: 27 Cyc. 477; Pol. Code, Sec. 2078; 20 Eng. & Am. Enc. Law, (2d Ed.) 580, foot note; Ottumwa v. Zekind, 95 Iowa, 622, 58 Am. St. Rep. 447; Bohon v. Brown, (Ky.) 49 S. W. 450; Commonwealth v. Crowell, 156 Mass. 215; Snyder v. Closson, 84 Iowa, 184.

GATES, J. In November, 1914, respondent, then a resident of Clark county, S. D., was selling apples and pears at retail from a box car at Dell Rapids, S. D. It was conceded that the fruit was not raised in this state and that it was not raised by respondent.

Respondent was arrested, tried in the police justice court of Dell Rapids, and convicted of the offense of engaging in the business of a transient merchant without having paid the tax required by an ordinance of said city. Upon appeal to the circuit court of Minnehaha county he was again convicted, and judgment was entered sentencing him to a fine of $20 and costs. Upon a motion for a new trial the verdict and judgment were vacated and a new trial granted. From this order the city appeals.

[1] Ordinarily the granting of a new trial should not be reversed, but, as there is no dispute as to the facts and the question before us is simply one of law, that rule does not apply.

[2] It is strongly urged that there is a variance between the provisions of chapter 190, Laws 1903, and the ordinance of Dell Rapids in question, and that therefore the ordinance is invalid. There is no merit in such claim. Chapter 190, Laws 1903, purports only to relate to a county tax on peddlers. Section 5 of that act expressly provides that those affected by the county tax may also be subject to the payment of a transient merchant tax in cities or towns. So we are not concerned with that chapter in the determination of this case.

[3] The question remaining is, therefore, whether the ordinance is invalid, as discriminatory, because it is not as broad as the statute. Const. art. 6, § 18. The authority for the ordinance is found in subdivision 81, § 54, c. 86, Laws 1907, now subdivision 81, § 53, c. 119, Laws 1913, which reads as follows:

"It shall be the duty of the city council to tax, license and regulate transient merchants, auctioneers, transient bankrupt and auction store and all stores of like nature, also gift enterprises and every business or avocation of a like character. ·Provided, this shall not be construed to apply to any person retailing the productions which can be shown to be his or her manufacture or production."

Dell Rapids is a city under the commission form of government, and section 71 of chapter 5 of its ordinances is as follows:

"Sec. 71.   *License—Amount.*—Auctioneers shall pay the sum of $3.00 per day or $20.00 per year; transient merchants the sum of $3.00 per day, and transient bankrupt or auction stores the sum of $3.00 per day."

Section 72 excepts auctions and auctioneers in the sale at auction of live stock, farm prduocts, or of goods, wares, and merchandise under chattel mortgage, or under order of any court, or law respecting collection of taxes or sale of property of the state or the United States, or sale under assignment for benefit of creditors, or sale by or for any executor or administrator. Other sections provide penalties for the violation of the ordinance.   In other words, the statute does not apply to those retailing their own products, while the ordinance does not except this class from its operation.   If it had been shown that this fruit was raised by Mr. McShane he would have been entitled to question the constitutionality of the ordinance, but as it concededly appears that he was a trnsient merchant and that the fruit was not raised by him, he is not entitled to raise the question. He is not concerned with the failure of the ordinance to except such class from its operation.   Red River Valley Nat. Bank v. Craig, 181 U. S. 548, 21 Sup. Ct. 703, 45 L. Ed. 994; State v. Kirby, 34 S. D. 281, 148 N. W. 533; Hendrick v. Maryland, 235 U. S. 610, 35 Sup. Ct. 140, 59 L. Ed. 385.   As far as respondent is concerned the ordinance is valid.

[4] Furthermore, a person who retails apples of his own production is not a merchant within the meaning of the ordinance under consideration.   He is no more a merchant than is the farmer who brings eggs and butter to his town customers.   The fundamental idea conveyed by the word "merchant" is one who buys and sells merchandise.   Words and Phrases, First and Sec-

ond Series. Such is the definition of a merchant under our general tax laws, § 2078, Pol. Code, and the same definition should be applied under special tax laws. Under this view there is no inconsistency between the statute and the ordinance of Dell Rapids.

The order granting a new trial is vacated, and the cause remanded.

POLLEY, P. J. (dissenting). I am not able to agree with the majority opinion in this case. The validity of the ordinance depends upon the validity of the statute authorizing the enactment of the ordinance. The statute authorizing this ordinance contains the following proviso:

"Provided this shall not be construed to apply to any person retailing the productions which can be shown to have been his or her manufacture or production."

The effect of this proviso is that, while the ordinance, by its terms, applies to all alike, if it can be shown that a transient dealer made or in some manner produced the commodity he is vending he will be exempt from the tax in question. Or, in other words, two parties might each bring a car load of fruit from the same place in some neighboring state to the same place in this state, and proceed in the same manner to dispose thereof at retail. Their business, their surroundings, and their conditions would be exactly similar; yet, if one could show that he had raised the fruit he was vending, while the other had acquired his by purchase, the latter would be subject to the tax in question while the former would be exempt therefrom. The tax in question is purely an occupation tax, and, that the Legislature has the power to levy a tax on occupations is well settled in this state. In re Watson, 17 S. D. 486, 97 N. W. 463, 2 Ann. Cas. 321. But such a tax, like all others, must be equal and uniform. Section 17, art. 6, State Const. In State v. Doran, 28 S. D. 486, 134 N. W. 53, this court said:

"The constitutional rule that taxes shall be equal and uniform does not deprive the Legislature of the power of dividing the subjects of license or occupation taxation into classes, and of taxing some and omitting others, when the classification itself is proper. Substantial differences in the mode of carrying on a business or profession may be made the basis of classification.

But the Constitution does require that an occupation tax shall be equal and uniform as to all persons embraced within the same class."

Different lines of business may be divided into different classes, and a substantial difference in the mode of carrying on the same business may be made the basis of classification; but the discrimination must rest upon some reasonable ground of difference. The Legislature cannot arbitrarily discriminate between persons in substantially the same situation. Lasher v. State, 183 Ill. 226, 55 N. E. 663, 47 L. R. A. 802, 75 Am. St. Rep. 103. We believe that persons who are engaged in retailing the same commodity in the same manner and in the same place are in substantially the same situation, notwithstanding the fact that one may have acquired his goods or wares as the fruit of his physical efforts while the other acquired his by barter or purchase; and, to tax one and exempt the other would be a violation of that provision of the Constitution which requires that all taxation shall be equal and uniform.

I believe that respondent is in position to raise this question. The case is different in this respect from State v. Kirby, cited in the majority opinion. In that case the defendant was a resident of the state. The clause in the law which he was urging as unconstitutional did not apply to him, nor did it in any manner affect or qualify the clause in the law that did apply to him. It was held that, as the clause in the law of which he complained did not affect him, he was not in position to raise that question. In this case the respondent is in the class that is discriminated against, and is in position to urge the question.

The order appealed from ought to be affirmed.