PETERSEN, Appellant, v. HOHF, Respondent.

(266 N. W. 252.)

(File No. 7770. Opinion filed April 2, 1936.)

*O. S. Eastvold*, of Yankton, for Appellant.
*Lee H. Cope*, of Yankton, for Respondent.

RUDOLPH, J.    Plaintiff brought this action against the defendant, a practicing physician and surgeon, and alleged that the defendant was negligent in treating an injury plaintiff had sustained.    Defendant pleaded the statute of limitations, section 2300, Rev. Code 1919, as amended by chapter 71, Laws 1927.    The statute is as follows: "An action against a physician, surgeon, dentist, hospital or sanitarium for malpractice, error, mistake or failure to cure, whether based on contract or tort," must be brought within two years.

For the purpose of this proceeding it is admitted that the above statute bars plaintiff's right of recovery if the statute is constitutional.

Appellant contends that the statute violates section 18 of article 6 of the State Constitution, which provides: "No law shall be passed granting to any citizen, class of citizens or corporation, privileges or immunities which upon the same terms shall not equally belong to all citizens or corporations."

Appellant further contends that the statute is contrary to that

part of the Fourteenth Amendment to the Constitution of the United States, which in part forbids any state to enact any law that denies "to any person within its jurisdiction the equal protection of the laws." Section 1.

The basis of appellant's argument is that those enumerated in the statute are placed in a privileged or favored class. There is no contention that the statutory two-year period is unreasonable. Appellant argues in his brief: "There are no peculiarly substantial characteristics inhering within the privileged classes named in this act which should provide a reason for granting them more immunity against their acts of negligence than for other classes of persons undertakng the responsibility of acting with due care and precaution such as osteopaths, optometrists, chiropractors, nurses, and midwives."

We do not believe that the argument and the cases cited in support thereof are applicable to the present situation. It is clear that any person having a claim against any of the classes enumerated in the statute must, under the terms of the statute, bring his action based upon such claim within two years, as provided in the statute. The statute applies equally to any one having an action against those enumerated therein. There is no discrimination as against this plaintiff, who concededly has a reasonable time within which to prosecute his claim, because he is placed in the same position as any other person having a claim against those enumerated in the statute.

If the statute does discriminate in favor of the physician against the chiropractor, osteopath, midwife, or the other classes set forth, that is no concern of this plaintiff sufficient upon which to question the constitutionality of the statute. Plaintiff has not brought himself within any of the classes which he alleges are discriminated against, and cannot, therefore, raise the question of discrimination against such classes. State v. Becker, 3 S. D. 29, 51 N. W. 1018; Pugh v. Pugh, 25 S. D. 7, 124 N. W. 959, 32 L. R. A. (N. S.) 954; State v. Kirby, 34 S. D. 281, 148 N. W. 533; City of Dell Rapids v. McShane, 37 S. D. 86, 156 N. W. 789.

The order appealed from is affirmed.

CAMPBELL, ROBERTS, and WARREN, JJ., concur.

POLLEY, P. J., dissents.