STATE, Respondent v. REED, Appellant

(63 N. W.2d 803)

(File No. 9402. Opinion filed April 7, 1954)

**Ralph A. Dunham,** Atty. Gen., **Walter Mueller,** Asst. Atty. Gen., for Plaintiff and Respondent.

**Robert S. Golden and T. R. Johnson,** Sioux Falls, for Defendant and Appellant.

ROBERTS, J.   Defendant was convicted in the Municipal Court of the City of Sioux Falls on a charge of operating a motor vehicle upon a public highway without having proper compensation plates displayed thereon and was sentenced to pay a fine of $100 and costs. Motion for new trial was overruled and defendant has appealed.

Appellant challenges the constitutionality of the statute requiring payment of compensation for the unusual use of the public highways of the state by motor carriers as defined by statute.   SDC Supp. 44.0422 first defines "motor carriers" in broad terms and then enumerates a number of exceptions.   The provisions of this section in so far as they are necessary to a consideration of the question involved on this appeal are as follows: "The term 'motor carrier', when used in the succeeding sections of this chapter, means any person owning, controlling, operating, or managing any motor vehicle, trailer, or semitrailer for the transportation of persons or property over the public highways of this state, but shall not include **corporations** in so far as they own, con-

trol, operate, or manage motor vehicles generally known as passenger cars of the type, style, or model commonly called roadster, touring car, coupe, brougham, sedan, and vehicles of the classes or types so named of not more than seven passenger seating capacity, when such vehicles are used for the transportation of persons only, for pleasure, or for the purposes of the private business in which said operator or his employer is engaged".

SDC Supp. 44.0425 reads in part as follows: "The said county treasurer shall also issue to said applicant one compensation plate for each motor vehicle and one plate for each trailer or semitrailer, * * *. Such plate shall be securely fastened to the front end of said motor vehicle, and on the rear end of such trailer or semitrailer, in a conspicuous place so as to be readily discernible".

Appellant contends that the statute confers upon corporate owners or operators of motor vehicles generally known as passenger cars with certain limitations privileges which no other owner or operator may enjoy; that the statute in this respect is unreasonably discriminatory. Looking to the antecedent history of the statute, we find that the legislature exempted **"corporations or persons"** in so far as they owned or operated motor vehicles generally known as passenger cars. Ch. 139, Laws 1933, SDC 44.0422. It seems probable from an examination of other provisions of this statute requiring payment of compensation that the words "or persons" were omitted from Chapter 160, Laws 1943, amendatory of the provisions of SDC 44.0422, by inadvertence or through a clerical error. Decision in the instant case, however, turns upon the question whether appellant can be heard to complain of the alleged invalidity.

The undisputed evidence is that appellant at the time of his arrest was transporting over the highways of this state without the payment of compensation and the display of proper compensation plates a quantity of fish in a 1951 Ford pickup truck bearing South Dakota license number 3-T-136. His destination was Chicago, Illinois, where he intended to sell the fish. Appellant is not a person belonging to the class allegedly discriminated against. He was not the owner or operator of any any one of the type of motor

vehicles enumerated in the first exception contained in the statute in question. This court in an early case, State v. Becker, 3 S.D. 29, 51 N.W. 1018, 1023, held "that no one can take advantage of the unconstitutionality of any provision who has no interest in and is not affected by it." See also State v. Mitchell, 3 S.D. 223, 52 N.W. 1052; State v. Kirby, 34 S.D. 281, 148 N.W. 533; City of Dell Rapids v. McShane, 37 S.D. 86, 156 N.W. 789; Petersen v. Hohf, 64 S.D. 272, 266 N.W. 252. Even assuming that an attack by a person not belonging to a class affected is permissible when the invalidity of the contested portion would render the entire statute void, we need not consider whether the 1943 act is invalid. This act is in effect a reenactment of SDC 44.0422 with amendments and additional provisions. If such amendatory act is unconstitutional in its entirety, the law prior to its enactment is still in effect. 11 Am.Jur., Constitutional Law, § 154. The rights of appellant would not be affected and it is not a proper exercise of the judicial function as indicated to determine the constitutionality of legislation when invalidity is urged by one not adversely affected.

Judgment appealed from is affirmed.

All the Judges concur.