SERVALL TOWEL AND LINEN SUPPLY COMPANY, Respondent

v.

DIVISION OF TAXATION, Appellant

(168 N.W.2d 365)

(File No. 10591. Opinion filed May 26, 1969)

**Frank L. Farrar,** Atty. Gen., **John Dewell,** Asst. Atty. Gen., Pierre, for appellant.

**John E. Burke,** Sioux Falls, for respondent.

HANSON, Judge.

The question presented on this appeal by the State of South Dakota is whether or not laundry service rendered by a laundry to a linen and towel supply company is a taxable transaction under the Retail Occupational Sales Tax Act.

According to the stipulated facts Servall Towel and Linen Supply Company of Sioux Falls is engaged in the business of providing other corporations, firms and persons with clean towels and linens. In furnishing this service soiled towels and linens are regularly picked up from customers and freshly laundered towels and linens are delivered in exchange. All towels and linens are owned by Servall, but none are used or consumed for itself or any of its employees.

Servall considers its customers to be ultimate consumers of its linen and towel supply service and pays the sales tax on its gross receipts. The tax is added to the service charge and collected from customers as authorized by the Retail Occupational Sales Tax Act.

Shipley's Launderers and Dry Cleaners operates a laundry and dry cleaning business in the City of Sioux Falls in a building immediately contiguous to the building occupied by the Servall Company. Both corporations are owned by members of the same family.

Servall has no laundering equipment or facilities of its own. All its soiled towels and linens are laundered and otherwise serviced by Shipley's under a contract agreement of long standing. The charge for laundry service is established at a rate

mutually agreeable to the majority stockholders of both corporations and is comparable to the rate charged by Shipley's for other wholesale laundry service performed for other laundries in the area. Shipley's has not charged sales tax on the laundry service rendered to Servall upon the theory that Servall is not an "ultimate consumer" and therefore the same is not a taxable transaction under the Sales Tax Act. This was also the conclusion reached by the trial court and we agree with the judgment rendered from which the State appeals.

The Retail Occupational Sales Tax Act was considerably broadened by the enactment of Chapter 296, Laws of 1965 which, among other things imposed "a tax at the same rate as that imposed upon sales of tangible personal property in this state upon the gross receipts of any person" engaging in certain enumerated businesses including "dry cleaning; * * * cleaning and pressing; * * * laundry and laundromats; [and] linen and towel supply".

Although the 1965 law does not specifically amend the original Retail Occupational Sales Tax Act its direct kinship is evident from the following provisions:

"Section 3. The exemptions from sales tax relative to sales of tangible personal property shall apply to services included in this Act.

"Section 4. Those persons whose services are taxed herein may add the tax under this section, or the average equivalent thereof, to his price or charge.

"Section 5. All of the persons subject to the tax imposed by this Act shall be deemed retailers as defined in South Dakota Code 57.31 and the definitions and applications provided in that chapter, and the amendments thereto, shall apply to this Act * * *."

The following pertinent and applicable definitions appear in SDC 57.3101:

"(2)   'Gross receipts' means the amount received in money, credits, property, or other money's worth in consideration of sales at retail within this state * * *".

"(5)   'Retail sale' or 'sale at retail' means the sale of tangible personal property to the consumer or user thereof, or to any person for any purpose other than for resale   * * *".

"(6)   'Retailer' includes every person engaged in the business of selling tangible goods, wares, or merchandise at retail   * * *".

■■ As a supplement to the original Retail Occupational Sales Tax Act the Sales Tax Act of 1965 was clearly intended to apply only to retail oriented services upon which the burden of the tax could be shifted to the ultimate consumer or user. The laundry service performed by the Shipley's laundry for Servall is not such a retail oriented service. It is wholesale in character in which Servall merely acts as a middleman. The cleanliness purchased by it from Shipley's is for resale to its customers.

■ Servall is obligated to pay a sales tax on all linens and towels which it owns and uses because it is the ultimate consumer of these items. But it is not the ultimate consumer of clean linens and towels. Its customers are and this is a taxable retail oriented service upon which Servall collects and pays the sales tax.

■ According to Rule 24 of the Commissioner of Revenue "Bags and hangers which ultimately pass to a customer as part of the taxable charge may be purchased exempt from the tax when purchased by the cleaning establishment." For the same reason the laundry service which Servall purchases from Shipley's is exempt from tax. The fact the two corporations are owned by members of the same family is of no consequence.

Affirmed.

All the Judges concur.