PIONEER MARKETS, INC., Appellants v. COMMISSIONER OF REVENUE, Respondent

(176 N.W.2d 477)

(File No. 10604. Opinion filed April 16, 1970)

**Russell C. Molstad, of Molstad & Walker,** Sturgis, for appellants.

**Gordon Mydland,** Atty. Gen., **John Dewell,** Asst. Atty. Gen., Pierre, for respondent.

BIEGELMEIER, Judge.

The question involved in the appeal is whether the membership fee charged by appellant stores is subject to tax imposed by SDC 57, the South Dakota Retail Occupational Sales Tax. Appellant corporations are engaged in sales of groceries and related merchandise at retail and hold permits or licenses to engage in business as retailers, SDC 57.3301, as amended by Ch. 329, S.L.1967.[1] Their method of doing business is to charge a $2.00 membership fee to persons desiring to purchase merchandise at their stores. They receive membership cards good for a month during which time they are authorized to make purchases of merchandise at what is called discount prices. Others may not. Members are also entitled to some other minor privileges. The Commissioner claims and the circuit court held the fee subject to the applicable sales tax levy.

SDC 57.3101(2)[2] provides:

" 'Gross receipts' means the amount received in money * * * in consideration of **sales at retail** * * *".

SDC 57.3101(5)[3] defines a sale at retail as:

" 'Retail sale' or 'sale at retail' means the **sale of tangible personal property** to the consumer or user thereof".

SDC 57.3201[4] makes the levy of the tax in the following words:

"There is hereby imposed as a tax upon the privilege of engaging in business as a retailer, a tax of three per cent upon the gross receipts from all **sales of tangible personal property** * * * **sold at retail**". (Emphasis supplied.)

A person may pay the monthly fee, become a member and yet not avail himself of the privilege of buying anything. That does not result in a sale of tangible personal property. The membership fee as such, therefore, is not a sale of tangible personal property within the definition of a retail sale and is not subject to the sales tax as such.

1. Now SDCL 10-45-24 and 10-45-25.
2. Now SDCL 10-45-1(2).
3. SDCL 10-45-1(5).
4. SDCL 10-45-2.

█ It appears, however, that a member is entitled to receive free merchandise each month of a value of 80¢; some members avail themselves of this. Appellants claim this is a gift and not therefore subject to the sales tax. We cannot agree with that contention. Only those persons who are members may procure merchandise of the value of 80¢ and they are entitled to it by reason of their membership while nonmembers may not. When the member receives the merchandise by virtue of his membership it results in a sale of tangible personal property at the 80¢ retail price and a sale takes place. The title that was in appellants passes to the member. It is not a gift, it is a sale at retail and is subject to the sales tax.

█ Appellants suggest the 80¢ is subject to a use tax.[5] They have not kept a record of the number of members who have availed themselves under the privilege noted and concede that the use tax would apply to 80¢ of each membership fee. As we hold that amount subject to the sales tax applicable at the time the sale was made, the use tax does not apply.[6]

The judgment appealed from is reversed.

ROBERTS, P. J., and RENTTO and HOMEYER, J. J., concur.

HANSON, J., dissents.

HANSON, Judge (dissenting).

For purposes of the South Dakota Sales and Service Tax the term " 'Gross receipts' means the amount received in money, credits, property, or other money's worth in consideration of sales at retail within this state". SDCL 10-45-1(2).

The Pioneer Market imposes a $2.00 membership fee from each of its customers for the privilege of purchasing goods, wares, and merchandise at retail. This membership fee, in my opinion, is subject to our Sales Tax as it is charged and received by the Market solely "in consideration of sales at retail."

5. See SDC 1960 Supp. 57.43, now SDCL 10-46.
6. SDC 1960 Supp. 57.4304(1), now SDCL 10-46-6.