## STATE, Respondent v. SMITH, Appellant

(216 N.W.2d 149)

(File No. 11161. Opinion filed March 8, 1974)

N. Dean Nasser, Jr., Asst. Atty. Gen., Pierre, for plaintiff and respondent; **Kermit A. Sande**, Atty. Gen., **Julian H. Brown, Neil Carsrud, David O. Carter**, Asst. Attys. Gen., Pierre, **Mick Grossenburg**, State's Atty., Tripp County, on brief.

**John J. Simpson**, Winner, for defendant and appellant.

DOYLE, Justice.

The defendant was convicted in justice court of a violation of SDCL 40-20-4 [1] and fined pursuant to SDCL 40-21-22. [2] Upon a stipulation of facts he appealed to circuit court where his conviction was affirmed. There is no dispute that the defendant was in violation of SDCL 40-20-4. The purpose of his appeal is to challenge the constitutionality of the statutory scheme of the following:

> 1. SDCL 40-18-1 which creates and provides for the appointment of the members of the State Brand Board.

---

1. "Except as may be provided in §§ 40-20-5 to 40-20-11, inclusive, it shall be unlawful for any owner, shipper, person, persons, firm, motor carrier, railroad company or other carrier or corporation, or his, its or their agent, agents, servant or servants, to move, drive, ship or transport in any manner any cattle, horses or mules from any point within the livestock ownership inspection area of South Dakota, to any point outside such livestock ownership inspection area unless such cattle, horses or mules shall first have had an ownership inspection as provided by the state brand board."

2. "Any person, persons, firms, or other carrier or corporation, who shall violate any of the provisions of this chapter or chapter 40-20 not otherwise punished, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined not less than twenty-five dollars and not more than one hundred dollars or imprisoned in the county jail not to exceed thirty days, or both, in the discretion of the court."

2. SDCL 40-18-9, 40-18-10, 40-18-14 and 40-18-15 which allow the board to contract with the Stock Growers' Association for purposes of having the Association provide inspectors to carry on livestock ownership inspection work and to allow the board to delegate their police powers.

3. SDCL 40-20-1 which creates a certain livestock ownership inspection area.

4. SDCL 40-21-7, 40-21-8 and 40-21-9 which authorize the Association to collect an inspection fee used partly for compensation of the inspectors, with the remainder going to the state treasury.

It is our opinion that the defendant has no standing to attack the constitutionality of SDCL 40-18-1.[3] As was stated in State v. Reed, 1954, 75 S.D. 300, 63 N.W.2d 803:

"it is not a proper exercise of the judicial function  *
*  *  to determine the constitutionality of legislation when invalidity is urged by one not adversely affected."

See also Tooz v. State, 1949, 76 N.D. 599, 38 N.W.2d 285.

The record does not indicate where the defendant's rights have in any way been prejudiced by SDCL 40-18-1.

---

3. "The state brand board consists of three members appointed by the Governor from lists of names submitted in writing from time to time by the South Dakota Stock Growers' Association. At least two nominations must be made for each appointment to be made. In the event such South Dakota Stock Growers' Association shall fail to make such nominations within thirty days after being required in writing so to do by the Governor, the Governor shall make such appointments without reference to such nominations."

■ The defendant next challenges the constitutionality of SDCL 40-18-9[4], 40-18-10[5], 40-18-14[6] and 40-18-15[7], on the basis that the legislature has unconstitutionally delegated its powers. Art. III, § 1, of the South Dakota Constitution states that "The legislative power of the state shall be vested in a Legislature * * *." While the general rule is that purely legislative powers cannot be delegated, quasi-legislative powers subject to ascertainable standards and guidelines can be delegated for the purpose of carrying legislation into effect. Schryver v. Schirmer, 1969, 84 S.D. 352, 171 N.W.2d 634. We find that sufficient standards and guidelines have been set so as to enable the legislature to delegate to another body the obligation and power to administer the involved statutes.

---

4. "The state brand board shall, in addition, have authority to employ such person, persons, corporation or corporations as it may consider necessary to properly carry out the provisions of chapters 40-20 and 40-21, under the supervision and control of the board, and to fix the salaries and compensation of such person, persons, corporation or corporations, and shall have authority to make such expenditures as are necessary properly to carry out the provisions of chapters 40-20 and 40-21."

---

5. "The state brand board shall have authority to designate as an agency for the carrying on of livestock ownership inspection work, under the supervision and control of the board, a nonstock, nonprofit co-operative corporation of growers of livestock, and to fix the compensation of such corporation." (subsequently amended by Ch. 2, § 37, S.L. 1973)

---

6. "The state brand board shall have authority to delegate to, and vest in the chief inspector and not to exceed two other inspectors, whether employed by the board or by any agency designated by the board for the purpose of carrying on of livestock ownership inspection work, police powers for the enforcement of all the laws pertaining to the inspection, sale, branding, misbranding, ownership, transportation or theft of livestock. Such inspectors so designated shall have all of the powers and authority of police officers anywhere within the state of South Dakota while enforcing the laws pertaining to livestock as herein specified." (subsequently amended by Ch. 2, § 37, S.L. 1973)

---

7. "In addition to the duties, powers and responsibilities imposed on the state brand board under chapter 40-19, such board shall have general charge and supervision of the inspection of all livestock moved from place to place within the South Dakota livestock ownership inspection area and of all livestock moved out of the South Dakota livestock ownership inspection area for the purpose of determining the proper ownership and brands, if any, of such livestock and shall have general charge, supervision and custody of all instruments, records and files in connection with such inspection activities."

■ ■ The defendant also challenges the constitutionality of SDCL 40-20-1[8] on the ground that the statute constitutes a classification which is violative of his right to equal protection of the law since all counties are not included in the inspection area. We do not agree. Legislative classifications are only invalid where the classification is arbitrary and unreasonable. Furthermore, the equal protection clause relates to equality between persons rather than between areas. There is no prohibition against legislation which is limited as to the territory within which it is to operate. Central Lumber Company v. State of South Dakota, 1912, 226 U.S. 157, 33 S.Ct. 66, 57 L.Ed. 164.

■ ■ The defendant finally contends that SDCL 40-21-7,[9] and 40-21-8[10] and 40-21-9[11] are unconstitutional in that they grant a "privilege" which is proscribed by Art. III, § 23(9), of the South Dakota Constitution. Again, we cannot agree. The allowance of compensation to the Stock Growers' Association for the carrying out of statutorily required services in our opinion is not an unfair privilege. As expressed in 16A C.J.S. Constitutional Law § 459:

8. "There is hereby created the South Dakota livestock ownership inspection area which shall consist of all of that part of the state of South Dakota lying within the following counties: Harding, Butte, Lawrence, Pennington, Custer, Fall River, Perkins, Meade, Shannon, Corson, Dewey, Ziebach, Haakon, Stanley, Jackson, Jones, Washabaugh, Mellette, Bennett, Todd, Lyman, Tripp and Gregory."

9. "It shall be the duty of the state brand board to charge and collect a fee of not more than twenty-five cents per head on all cattle, horses or mules inspected in accordance with the provisions of this chapter or chapter 40-20. The owner or seller of cattle, horses or mules so inspected shall be held responsible for the inspection fee."

10. "Any fees or other funds collected by an agency delegated by the state brand board under the provisions of § 40-18-10 may first be applied by such agency on any sum or sums from time to time due to it under such delegation or contract of employment."

11. "Except as provided by § 40-21-8, all fees collected by the state brand board shall be deposited in the South Dakota state treasury in a fund to be known as the South Dakota livestock ownership inspection and theft prevention fund. The moneys in the fund shall be used by the state brand board only in the administration and enforcement of this chapter and chapter 40-20."

"Statutes which are reasonably designed to protect health, morals, or public welfare do not violate the constitution; and, while the grant of special or exclusive privileges for private benefit is within the prohibition of the constitution, the constitution does not forbid the grant of special or exclusive privileges, even those which are essentially monopolistic in character, where the primary purpose of the grant is not the private benefit of the grantees, but the promotion of the public interest, provided the statute operates uniformly on all those of the designated class.

"The main object of a statute should not be circumvented and condemned because some mere incidental and inconsequential benefit may be derived by private persons from the operation of the statute. If an act serves a proper public purpose, the fact that it incidentally confers a direct benefit on some individual or individuals does not render it invalid. A legislative act which serves no purpose other than individual gain or profit goes beyond the power of that body to enact and is necessarily void. Whether a statutory provision serves a public purpose rests in the sound judgment of the legislature; and the courts should not override the legislature's conclusion if that can be supported on any reasonable ground."

Conviction affirmed.

WINANS, WOLLMAN and DUNN, JJ., concur.

BIEGELMEIER, C. J., concurs in result.