**KTVO, INC., a Nevada Corporation, and KBIZ, Inc., an Iowa Corporation, Appellees,**

v.

**G. D. BAIR, Director, Iowa Department of Revenue, Appellant.**

No. 2–58653.

Supreme Court of Iowa.

June 29, 1977.

Richard C. Turner, Atty. Gen., George W. Murray, Special Asst. Atty. Gen., and Harry M. Griger, Asst. Atty. Gen., for appellant.

James W. Hall and Robert O. Daniel, of Shuttleworth & Ingersoll, Cedar Rapids, for appellees.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

The question here is whether payments made by Iowa broadcasters to television and radio syndicators for limited use of recorded programs are subject to Iowa use tax. The trial court held they are not. We affirm.

Plaintiff KTVO, Inc. is an Ottumwa (and Kirksville, Missouri) television station, affiliated with the ABC network. Plaintiff KBIZ, Inc. is an Ottumwa radio station, affiliated with CBS. These stations carry network programs, live and recorded local programs and syndicated programs. This case concerns the taxability of payments made by the stations for syndicated programs furnished to them in Iowa on videotapes, films or records. Defendant G. D. Bair, director of the Iowa department of revenue, held, after hearing pursuant to Code § 422.54(2), that these payments were subject to use tax under Code § 422.43 as "equipment rental". Taxes and penalties were assessed against the stations for the period January 1, 1967 through September 30, 1971. The stations appealed to district court, and the trial court reversed the director. This appeal by the director followed.

Under Code § 422.43, a three percent use tax is imposed on a number of specific enumerated services including "equipment rental". The term is not defined in the statute.

The manner in which the stations acquire the right to air syndicated programs is not disputed. The stations enter license agreements with the syndicators. Factors which affect the amount charged the stations for the right to broadcast a particular program include the popularity of the program, the population of the market area, and the number of times the program is to be broadcast. License agreements usually regulate when and how often the program may be used, prohibit stations from making duplicates, proscribe assignment of the agreement, allow the syndicator to cancel a broadcast, make the fee payable whether the broadcast rights are exercised or not, and require return of the program to the syndicator or its designee.

The medium by which the program is transferred to a station for its use is incidental to the agreement. Usually the program is furnished on videotape, film or record. Sometimes the program is transmitted by microwave in the same manner as network programs. Occasionally the syndicator will tape the program on the station's own videotape. The director contends only that the first kind of transfer is taxable, that is, the transaction in which the syndicator furnishes the program on videotape, film or record.

In holding the payment in that transaction is not taxable as equipment rental, the trial court found the payment to be essentially a license fee rather than a rental of tangible personal property and also found videotapes, films and records are not transferred as "equipment" within the meaning of the statute.

Familiar principles of statutory construction are involved. They are collected in *Iowa National Industrial Loan Company v. Iowa State Department of Revenue*, 224 N.W.2d 437, 439–440 (Iowa 1974). We search for legislative intent. In construing

tax statutes doubt is resolved in favor of the taxpayer.

Courts in other jurisdictions are divided on whether a license agreement in which payment is made for the right to use a syndicator's tapes, films or records is a rental of tangible personal property within the meaning of statutes taxing such rentals. Most courts which have decided the issue have held the transactions are taxable. See *Boswell v. Paramount Television Sales, Inc.,* 291 Ala. 490, 282 So.2d 892 (1973); *American Television Company, Inc. v. Hervey,* 253 Ark. 1010, 490 S.W.2d 796 (1973); *Florida Association of Broadcasters v. Kirk,* 264 So.2d 437 (Fla.App.1972); *Mount Mansfield Television, Inc. v. Vermont Commissioner of Taxes,* 133 Vt. 284, 336 A.2d 193 (1975). At least one court has held license agreements are not taxable as a transfer of tangible personal property. See *Watson Industries v. Shaw,* 235 N.C. 203, 69 S.E.2d 505 (1952). This view is inferentially supported in analogous cases. See *District of Columbia v. Universal Computer Associates, Inc.,* 151 U.S.App.D.C. 30, 465 F.2d 615 (1972), and citations; *Burgess v. Ames,* 359 Ill. 427, 194 N.E. 565 (1935). Compare *Crescent Amusement Co. v. Carson,* 187 Tenn. 112, 213 S.W.2d 27 (1948), with *Commerce Union Bank v. Tidwell,* 538 S.W.2d 405 (Tenn. 1976).

█ We do not decide which line of authority should be followed in Iowa. This case does not involve a statute taxing rental of "tangible personal property". Because § 422.43 taxes "equipment rental", its applicability depends on a finding that the transfer of syndicators' tapes, films and records pursuant to licensing agreements is the furnishing of "equipment". We find it is doubtful that the term "equipment" has such meaning, and we resolve this doubt in favor of the taxpayers.

On this subject, the trial court said: The court doubts that anyone would describe in normal usage the providing of these tapes as equipment rental. The revenue department, in calling the service * * * equipment rental, is straining the construction against the taxpayers rather than liberally construing the taxing statute in the taxpayers' favor.

We agree with this observation.

Webster's New International Dictionary (Second Ed. 1956) defines equipment as follows:

1. An act of equipping; state or manner of being equipped.

2. Material or articles used in equipping, as for an expedition; the articles comprised in an outfit, as furnishings or apparatus; equipage; as laboratory *equipment.*

\* \* \* \* \* \*

4. In industry, the physical facilities available for production, including buildings, machines, tools, etc.

Obviously equipment is generally tangible property; however, it is equally obvious that not all tangible property is equipment.

In general usage, equipment refers to implements or tools used to produce a final product or achieve a given result rather than the final product or end itself. See *State v. Bishop,* 257 Iowa 336, 340–341, 132 N.W.2d 455, 457–458 (1965). Thus a videotape machine would be equipment used to produce a videotape, a final product. The videotape is clearly not equipment in the hands of the syndicator. Nor does it become equipment when it is used by the stations. In the hands of the stations it is consumable material like raw material or inventory. See § 554.9109(4), The Code ("Goods are * * * [inventory] if they are * * * raw materials, work in progress or materials used or consumed in a business. Inventory of a person is not to be classified as his equipment."). The tape is used in equipment of the broadcasting station to transmit a program; it does not itself constitute equipment. The same reasoning applies to films and records.

We hold payments for the right to use syndicators' tapes, films and records pursuant to license agreements are not taxable as equipment rental. The trial court was right.

AFFIRMED.