NASH FINCH COMPANY, d/b/a Prairie Market Stores, Appellee,

v.

SOUTH DAKOTA DEPARTMENT OF REVENUE, Appellant.

No. 13435.

Supreme Court of South Dakota.

Argued Oct. 1, 1981.

Decided Nov. 18, 1981.

(appellee) was not subject to sales tax as the sale of a service and the free merchandise given to customers was also not subject to use tax. We affirm the order and judgment of the circuit court.

Appellee is a foreign corporation doing business in South Dakota as the Prairie Market Stores. Appellee operates wholesale grocery stores in which customers mark and carry out their own merchandise. Before customers may shop at appellee's store, they must pay a fee and become members. There are two types of memberships: a regular membership and a golden age membership. A regular member pays a monthly two dollar fee and receives a membership card that will expire on the last day of the month after the fee has been paid. After the card has expired, the regular member is entitled to redeem the expired card for merchandise worth approximately one dollar. The golden age membership is available to those customers who have health insurance claim numbers. A golden age member pays an annual two dollar fee and is not entitled to receive the bonus merchandise. All members are allowed to make purchases of merchandise at lower prices than found in retail stores. Nonmembers may not. Members are also entitled to some other minor privileges.

Appellee admits that one dollar of the regular membership fee which is applied towards the bonus merchandise provided to the regular member is subject to sales tax liability. Appellee has previously paid sales tax on this portion. Appellee has not paid sales tax on the remaining one dollar of the regular membership fee or on the two dollar golden age membership fee.

Appellee requested a declaratory ruling from the Secretary of Revenue regarding whether the membership fees were subject to sales tax. After an administrative hearing, the Deputy Secretary of Revenue determined that the membership fees resulted from the sale of a service and thus were subject to sales tax and that the free merchandise given to customers was subject to use tax. Appellee appealed to circuit court which reversed and vacated, and ordered

Thomas J. Welk of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for appellee.

Gene R. Woodle, Asst. Atty. Gen., Pierre, for appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

DUNN, Justice.

The South Dakota Department of Revenue appeals from an order and judgment of the circuit court which found that the membership fee paid to Prairie Market Stores

the South Dakota Department of Revenue to return the tax previously paid upon membership fees with interest.

The construction of a statute is a question of law. Therefore, the decisions of the administrative agency and the circuit court are fully reviewable. *Matter of Sales Tax or Use Tax, Etc.*, 290 N.W.2d 865 (S.D. 1980). As a general rule, statutes which impose taxes are to be construed liberally in favor of the taxpayer and strictly against the taxing body. *Iowa Auto Dealers v. Iowa Dept. of Revenue*, 301 N.W.2d 760 (Iowa 1981). Ambiguities in a statute imposing a tax are interpreted in favor of the taxpayer. *KTVO, Inc. v. Bair*, 255 N.W.2d 111 (Iowa 1977); *I.B.M. Corp. v. State, Dept. of Treasury*, 75 Mich.App. 604, 255 N.W.2d 702 (1977); *Geo Resources, Inc. v. Tax Com'r*, 288 N.W.2d 54 (N.D.1980).

The Department of Revenue contends that the membership fees charged by appellee are receipts from sales of services and subject to sales tax. We disagree. SDCL 10–45–4 imposes sales tax upon "the gross receipts of any person from the engaging or continuing in the practice of any business in which a service is rendered." Service is defined in SDCL 10–45–4.1 as "all activities engaged in for other persons for a fee, retainer, commission, or other monetary charge, which activities involve predominantly the performance of a service as distinguished from selling property."

We agree with appellee's contention that the membership fee paid by its customers does not fall within this definition of service. Appellee's activities predominantly involve the sale of tangible personal property rather than the performance of a service. The fee paid by the member is for the privilege of buying merchandise and is fully refundable at any time. The member may decide not to avail himself of the privilege of buying anything. A service is not provided by appellee to the member when the membership fee is paid.

The legislature has also delineated specific categories of services that are subject to taxation by incorporating by reference within SDCL 10–45–5.2 the Standard Industrial Classification Manual. Services enumerated in the list include memberships to athletic clubs, country clubs, and gun clubs. Memberships to discount grocery stores are not included in the list; however, the statute specifically states that the list is not comprehensive but rather is a representative list of services.

We do not agree with the Department of Revenue's contention that appellee's business is similar to those businesses listed in SDCL 10–45–5.2. The membership fee charged by a country club, gun club or athletic club is a charge for the utilization of a specific facility. The membership fee charged by appellee is for the privilege of purchasing tangible personal property at the facilities of appellee. Keeping in mind that statutes imposing taxes are to be liberally construed in favor of the taxpayer, we hold that the membership fees charged by appellee are not taxable as the sale of services.

The Department of Revenue also contends that the bonus merchandise given free to appellee's customers are gifts subject to use tax. This issue was previously addressed by this court in *Pioneer Markets, Inc. v. Commissioner of Revenue*, 85 S.D. 24, 26, 176 N.W.2d 477, 478 (1970) (footnotes omitted) in which we held:

> When the member receives the [free] merchandise by virtue of his membership it results in a sale of tangible personal property at the ... retail price and a sale takes place. The title that was in appellants passes to the member. It is not a gift, it is a sale at retail and is subject to the sales tax.
>
> ... As we hold that amount subject to the sales tax applicable at the time the sale was made, the use tax does not apply.

We follow our previous determination. Here, appellee is paying sales tax on the one dollar of merchandise which is given as a bonus to a regular member each month. This fulfills its tax liability under the statute.

We affirm the judgment and order of the circuit court.

MORGAN and HENDERSON, JJ., concur.

WOLLMAN, C. J., and FOSHEIM, J., concur specially.

WOLLMAN, Chief Justice (concurring specially).

Although I agree with the result reached in the majority opinion, I do not agree with the holding that tax statutes are to be construed liberally in favor of the taxpayer and strictly against the taxing body, for it has long been the rule in this state that revenue statutes are to be construed just as other statutes are.

> In construing statutes governing tax proceedings, as in construing all other statutes, the legislative intent is the vital and controlling factor. A construction which will render effective and operative the general purpose existing in the legislative mind should be adopted rather than one which necessarily defeats such purpose. In an attempt to ascertain the legislative intent, the entire language and general purpose of the enactment relating to a particular subject-matter must be taken and considered together. Express words are not always required, where the purpose and intendment of an enactment as a whole are apparent.

*Brink v. Dann*, 33 S.D. 81, 112, 144 N.W. 734, 741 (1913). See also *Berdahl v. Gillis*, 81 S.D. 436, 136 N.W.2d 633 (1965); *State ex rel. Botkin v. Welsh*, 61 S.D. 593, 251 N.W. 189 (1933). Given this Court's longstanding policy of not adopting a hostile stance towards revenue statutes, I would require a greater showing than that made in this case before joining in the new rule of statutory construction set forth in the majority opinion.

FOSHEIM, Justice (concurring specially).

The golden age memberships are available only to people receiving medicare benefits. Therefore, the majority opinion incorrectly states that "the golden age membership is available to those customers who have health insurance claim numbers."