**WELCOME WAGON INTERNATIONAL, INC., Appellant,**

v.

**SOUTH DAKOTA DEPARTMENT OF REVENUE, Appellee.**

**No. 13528.**

Supreme Court of South Dakota.

Argued Jan. 20, 1982.

Decided April 7, 1982.

John S. Lovald, Pierre, for appellant.

Joe Nadenicek, Asst. Atty. Gen., Pierre, for appellee, Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

FOSHEIM, Justice.

The South Dakota Department of Revenue (Department) determined that the revenues of Welcome Wagon International, Inc. (appellant), are subject to the tax imposed by the Retail Sales and Service Tax Act, SDCL ch. 10–45. The circuit court affirmed the Department's determination. We reverse.

Appellant is a nationwide company which employs local agents to contact new residents, newlyweds and couples with a new born baby within the agent's locality. The agent contacts these individuals at their homes, explains the various business services available within the area, and leaves them with promotional literature. Appellant's income is generated from the businesses it represents when it contacts local residents. Each business executes a contract agreeing to pay appellant for its services.

The sole issue on appeal is whether appellant is exempt from the Retail Sales and Service Tax Act by reason of the exemption granted to "advertising services" in SDCL 10–45–12.1. It is the position of the Department that the services of appellant are subject to tax pursuant to SDCL 10–45–5.2.

SDCL 10–45–5.2 specifically subjects certain services, as enumerated in the 1972 Standard Industrial Classification Manual (SIC Manual), to taxation. The SIC Manual is prepared by the Statistical Policy Divi-

sion of the Federal Government's Office of Management and Budget. Among the groups made subject to the tax by SDCL 10–45–5.2 is "business services (major group 73)." In the SIC Manual, classified under the general heading of Major Group 73— Business Services, are various types of services designated by group number and each group number is subdivided by industry number. For example, Group No. 731—Advertising is subdivided into four categories: Industry No. 7311—Advertising Agencies; Industry No. 7312—Outdoor Advertising Services; Industry No. 7313—Radio, Television, and Publisher's Advertising Representatives; Industry No. 7319—Advertising, Not Elsewhere Classified. Welcome Wagon, by name, is classified in the SIC Manual under Major Group 73—Business Services in Group No. 739—Miscellaneous Business Services, Industry No. 7399—Business Services Not Elsewhere Classified.

1. SDCL 10–45–4.1 reads:
   'Service' means all activities engaged in for other persons for a fee, retainer, commission, or other monetary charge, which activities involve predominantly the performance of a service as distinguished from selling property. In determining what is a service, the intended use, principal objective or ultimate objective of the contracting parties shall not be controlling. For the purposes of this chapter services rendered by an employee for his employer are not taxable.

2. SDCL 10–45–12.1 provides (emphasis added):
   The following services enumerated in the Standard Industrial Classification Manual, 1972, as prepared by the statistical policy division of the office of management and budget, office of the President are exempt from the provisions of this chapter: health services (major group 80); educational services (major group 82); social services (major group 83); agricultural services (major group 07); forestry services (group no. 085); radio and television broadcasting (group no. 483); railroad transportation (major group 40); local and suburban passenger transportation (group 411); taxicabs (group 412); intercity and rural highway passenger transportation (group 413); passenger transportation charger service (group 414); school busses (group 415); establishments primarily engaged in trucking, local and long distance (group 421); farm product warehousing and storage (industry no. 4221); establishment primarily engaged in transportation on rivers and canals (group 444); establishment primarily engaged in air transportation, certified carri-

SDCL 10–45–4 provides, in part, that "any service as defined by SDCL 10–45–4.1 [1] shall be taxable, unless the service is specifically exempt from the provisions of this chapter." Appellant claims exclusion under the exemption for "advertising services" contained in SDCL 10–45–12.1,[2] entitled "services specifically exempt from tax." Since it appears undisputed that the services of appellant fall within the definition of "service" contained in SDCL 10–45–4.1, we must determine if they were services specifically exempt from the provisions of the chapter under SDCL 10–45–12.1.

The thrust of appellant's argument is that it was misclassified in a nonadvertising category by the federal government in the 1972 SIC Manual, but that such misclassification should not prevent it from receiving the 12.1 exemption as it has demonstrated that it is in fact an advertising service. At oral argument appellant contended it

ers (group 451); establishments primarily engaged in air transportation, noncertified carriers (group 452); pipe lines, except natural gas (major group 46); freight forwarding (group 471); arrangement of transportation (group 472); rental of railroad cars (group 474); water supply (industry no. 4941); sewerage systems (industry no. 4952); and refuse systems (industry no. 4953). The following are also specifically exempt from the provisions of this chapter: financial services including loan origination fees, late payment charges, nonsufficient fund check charges, stop payment charges, safe deposit box rent, exchange charges, commission on travelers checks, and charges for administration of trusts; interest charges, and 'points' charged on loans; commissions earned or service fees paid by an insurance company to an agent or representative for the sale of a policy; stock and commodity brokers service; services of brokers and agents licensed under Title 47; the sale of trading stamps; veterinarians services; construction services (division C); rentals of tangible personal property leased under a single contract for more than twenty-eight days; *advertising services*; services provided by any corporation to another corporation which is centrally assessed having identical ownership and services provided by any corporation to a wholly-owned subsidiary which is centrally assessed; newspaper sales and subscriptions and motion picture rentals; bill collection services or collection agent's services, if the debt was incurred out of state and the client does not reside within the state.

should properly be classified under Group No. 731—Advertising, Industry No. 7319—Advertising, Not Elsewhere Classified. Appellant argues that since 12.1's exemption for advertising services is found in that part of the statute which does not specifically refer to the SIC Manual, any service, however or whether classified in the SIC Manual, which can prove it is an advertising service should be allowed the exemption for advertising services. We agree.

There is little doubt that Welcome Wagon in practice provides an advertising service. That seems to have been assumed by the trial court's statement that "it is not sufficient for Appellant to show that its services constitute advertising[.]" The Department, while not conceding that Welcome Wagon is an advertising service, does not seriously challenge that fact; instead it based its decision to tax Welcome Wagon on the SIC Manual's listing of Welcome Wagon in a category other than advertising. We must look beyond the SIC Manual to determine if Welcome Wagon is entitled to the tax exemption. The legislative enactment is to be considered as a whole, and when possible, effect must be given to all provisions of the statute if they can be reconciled. *State v. Hirsch*, 309 N.W.2d 832 (S.D.1981); *Matter of Sales Tax Refund Applications*, 298 N.W.2d 799 (S.D.1980); *State v. Heisinger*, 252 N.W.2d 899 (S.D. 1977). This means that when construing statutes courts must attempt to reconcile apparent contradictions between statutes, having in mind the principle of pari materia which assumes that all legislative enactments are consistent and harmonious in their several provisions. *Matter of Certain Territorial Elec. Boundaries, Etc.*, 281 N.W.2d 72 (S.D.1979); *In re Schneider's Estate*, 72 S.D. 174, 31 N.W.2d 261 (1948). SDCL 10–45–4.1 states a general definition of "service." SDCL 10–45–5.2 enumerates a representative list of services intended to be taxable and incorporates by reference portions of the SIC Manual. One of the services classified under business services (major group 73) in the SIC Manual is Welcome Wagon services. Services taxable under SDCL 10–45–4.1, which include the rep-

resentative list of services enumerated in SDCL 10–45–5.2, are expressly limited under SDCL 10–45–4 to include only those services not specifically exempted from the provisions of SDCL ch. 10–45. Since advertising services are specifically exempt under SDCL 10–45–12.1 and Welcome Wagon has demonstrated that it is an advertising service, Welcome Wagon is exempt from the tax imposed by SDCL ch. 10–45.

The circuit court affirmance of the Department of Revenue's decision is reversed.

All the Justices concur.