**SOUTH DAKOTA DEPARTMENT OF LABOR, UNEMPLOYMENT INSURANCE DIVISION, Plaintiff and Appellee,**

v.

**Dwight R. NEUHARTH, Defendant and Appellant.**

**No. 14253-r-JF.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 18, 1984.

Decided March 14, 1984.

Drew C. Johnson, Sp. Asst. Atty. Gen., Aberdeen, for plaintiff and appellee.

Dwight R. Neuharth, pro se.

FOSHEIM, Chief Justice.

Dwight Neuharth (claimant) appeals the circuit court affirmance of a final decision of the South Dakota Department of Labor (Department) determining an overpayment of unemployment insurance benefits. We reverse.

Claimant received unemployment insurance benefits between March 5, 1982, and August 21, 1982. On August 19, 1982, he entered a training program with Pizza Hut of Pierre, South Dakota, and worked approximately sixteen hours during that benefit week. Initially, claimant did not know he was going to be paid for this time worked. He called the local unemployment office and was instructed to file for benefits for that week. Claimant received and read a pamphlet outlining the obligations of unemployment insurance claimants, which included the requirement to report all earnings. He nevertheless erroneously concluded after the phone call that he did not need to comply with the pamphlet guidelines. As a result of this misunderstanding, he did not report $53.60 earned during the week ending August 21, 1982.

When the Department discovered the nondisclosure, it initially assessed a four-week penalty against claimant for misrepresentation pursuant to SDCL 61–6–22.* It also determined that claimant had received an overpayment of $129.00 for the week ending August 21, 1982, and demanded repayment. The agency later reversed the four-week penalty assessment upon a finding that claimant's nondisclosure had not been fraudulent, but it affirmed the $129.00 overpayment determination. The circuit court affirmed the agency.

Claimant admits an overpayment but questions the amount. He asserts that the overpayment should not be $129.00, but rather 75% of the $53.60 wages earned during the week ending August 21, 1982, as calculated with the SDCL 61–6–1 benefit reduction formula for wages earned or received during a benefit week. In August 1982 that statute read:

Each individual who is unemployed in any week, as defined in §§ 61–1–36 to 61–1–39, inclusive, shall be paid with respect to such week benefits in an amount determined by § 61–6–6. Such benefit if not a multiple of one dollar, shall be computed to the next higher multiple of one dollar. *Provided that the benefit paid, when necessary, will be reduced by seventy-five percent of the earnings when the earnings are less than the weekly benefit amount* and no benefit payment shall be paid when the earnings equal or exceed the one-half weekly benefit amount. [Emphasis added]

The Department counters by focusing on SDCL 61–6–23, which in relevant part reads:

Any person who, by reason of the nondisclosure or misrepresentation by him or by another of a material fact (irrespective of whether such nondisclosure or misrepresentation was known or fraudulent) ... has received *any sum* as benefits under this title while any conditions for the receipt of benefits imposed by this title were not fulfilled in his case ... shall ... either be liable to have *such sum* deducted from any future benefits payable to him under this chapter or shall be liable to repay to the department, as the department may elect, a sum equal to the amount so received by him ... [emphasis added]

The Department correctly indicates that failure to disclose the Pizza Hut income according to Department regulations amounted to a nondisclosure of a material fact, since the income, if reported, would have changed the benefit amount. SDCL

---

* SDCL 61–6–22: Any individual who has willfully or fraudulently misrepresented any fact to secure or increase benefits under this title shall be denied benefits for not less than one week and not to exceed fifty-two weeks from and after the date such misrepresentation or fraudulent act is discovered.

61–6–23 is thus applicable. Such applicability does not, however, supersede use of the benefit reduction formula of SDCL 61–6–1. The Department argues that use of the words "any sum" in SDCL 61–6–23 requires return of the entire benefit paid during a week in which any conditions for receipt of the benefit were not met, even when a portion of the benefit was properly due the claimant. Past decisions hold that unemployment compensation laws are to be liberally construed in favor of claimants. *Zeig v. South Dakota Department of Labor, Unemployment Insurance Division*, 337 N.W.2d 435 (S.D.1983); *Red Bird v. Meierhenry*, 314 N.W.2d 95 (S.D.1982). Additionally, our principles of statutory construction require us, when possible, to harmonize potential inconsistencies between statutes, *Matter of Change of Bed Category of Tieszen*, 343 N.W.2d 97 (S.D. 1984); *Karlen v. Janklow*, 339 N.W.2d 322 (S.D.1983), and to give effect to both. *Welcome Wagon Intern. v. S.D. Dept. of Revenue*, 318 N.W.2d 5 (S.D.1982); *State v. Hoxeng*, 315 N.W.2d 308 (S.D.1982); *Matter of Sales Tax Refund Applications*, 298 N.W.2d 799 (S.D.1980). We accordingly interpret SDCL 61–6–23 and SDCL 61–6–1 to mean that in determining an overpayment as the result of a nonfraudulent nondisclosure of income the words "any sum" in SDCL 61–6–23 need not include the entire benefit paid, but only the benefit which should not have been paid as computed by SDCL 61–6–1.

Reversed.

DUNN, MORGAN and HENDERSON, JJ., concur.

WOLLMAN, J., dissents.

WOLLMAN, Justice (dissenting).

I agree with the Department's contention that had claimant reported the wages earned for the week ending August 21, 1982, he would have been eligible for a reduced unemployment compensation payment computed pursuant to SDCL 61–6–1, but that having failed to report those earnings, claimant was subject to recoupment of the full amount of the unemployment compensation benefits erroneously paid to him as a result of his failure to make disclosure to the Department. Accordingly, I would affirm the decision of the trial court.