2002 SD 145

**GRACELAND COLLEGE CENTER FOR PROFESSIONAL DEVELOPMENT AND LIFELONG LEARNING, INC., Appellant,**

v.

**SOUTH DAKOTA DEPARTMENT OF REVENUE, Appellee.**

No. 22347.

Supreme Court of South Dakota.

Considered on Briefs Aug. 26, 2002.

Decided Nov. 26, 2002.

---

2. As a result, there is no issue as to abuse of discretion in failing to grant a continuance.

Timothy M. Engel of May, Adam, Gerdes & Thompson, Pierre, South Dakota, Attorney for appellant.

Michael T. Kenyon, Department of Revenue, Pierre, South Dakota, Attorney for appellee.

AMUNDSON, Retired Justice.

[¶ 1.] The South Dakota Department of Revenue (Department) assessed taxes against SkillPath, a division of Graceland College Center for Professional Development and Lifelong Learning, Inc. (Skill-Path), for seminars and services provided by the corporation in South Dakota. Skill-Path contested the certificate of assessment with the Secretary of Revenue, alleging it should be exempt from certain taxes. The Department upheld the certificate. SkillPath appealed the Department's decision to circuit court, and the decision was affirmed. SkillPath appeals, and we affirm.

## FACTS

[¶ 2.] SkillPath is a not-for-profit corporation that presents business seminars on computer training, secretarial skills and other business-related topics. The vast majority of SkillPath's seminars are presented to employees whose fees are paid by their employers. These programs are presented by independent contractors, and are generally held in hotel meeting rooms.

[¶ 3.] In September of 1999, SkillPath underwent a sales and use tax audit, covering January 1996 through December 1998. On December 7, 1999, the Department issued a certificate of assessment in the amount of $31,989.19, plus interest, to SkillPath.[1] SkillPath contested the certificate. On April 14, 2000, a hearing was held before a hearing examiner. Evidence was presented regarding SkillPath's marketing, the types of seminars it provides, and to whom the seminars are provided. The hearing examiner found that SkillPath's seminars were entitled to a tax exemption. The hearing examiner found SkillPath's courses qualified for tax exemption under SDCL 10–45–12.1 under SIC Manual 8234 (Data Processing Schools) and 8244 (Business and Secretarial schools). On appeal, the Secretary of Revenue reversed the hearing examiner's decision. The Secretary of Revenue found that the services provided by Skill-Path were not exempt from taxation under SDCL 10–45–12.1. The Secretary of Revenue reasoned that SkillPath was not exempt as a "vocational school" or a "continuing education program." The Secretary of Revenue found SkillPath's seminars were more appropriately classified in SIC 8299 (Schools and Educational Services, Not Elsewhere Classified) or in the alternative SIC 7389 (Lecture Bureaus), and thus not exempt from tax.

[¶ 4.] SkillPath appealed the Secretary of Revenue's final decision, and the circuit court affirmed. SkillPath appeals raising the following issue:

---

1. This amount included $687.98 for catalog sales, which is not contested by SkillPath.

**Whether services offered by SkillPath are exempt from South Dakota sales tax pursuant to SDCL 10–45–12.1.**

## STANDARD OF REVIEW

[¶ 5.] This Court clarified the standard of review for administrative appeals in *Sopko v. C & R Transfer Co., Inc.,* 1998 SD 8, ¶¶ 6–7, 575 N.W.2d 225, 228–29. Our standard of review, delineated in SDCL 1–26–36, requires us to give great weight to the findings and inferences made by the Department on factual questions. *Helms v. Lynn's, Inc.,* 1996 SD 8, ¶¶ 9–10, 542 N.W.2d 764, 766; *Finck v. Northwest Sch. Dist. No. 52–3,* 417 N.W.2d 875, 878 (S.D.1988). We examine agency findings in the same manner as the circuit court to decide whether they were clearly erroneous in light of all the evidence. *In Matter of Northwestern Bell Tel. Co.,* 382 N.W.2d 413, 415 (S.D.1986). If after careful review of the entire record we are definitely and firmly convinced a mistake has been committed, only then will we reverse. *Spitzack v. Berg Corp.,* 532 N.W.2d 72, 75 (S.D.1995) (citing *Day v. John Morrell & Co.,* 490 N.W.2d 720, 723 (S.D.1992)); *see also United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948)(origin of definition). Questions of law, of course, are fully reviewable. *Caldwell v. John Morrell & Co.* 489 N.W.2d 353, 357 (S.D.1992); *Egemo v. Flores,* 470 N.W.2d 817, 820 (S.D.1991).

When reviewing statutes that impose taxes we have stated:

The question of whether a statute imposes a tax under a given factual situation is a question of law. Statutes which impose taxes are to be construed liberally in favor of the taxpayer and strictly against the taxing body. Statutes exempting property from taxation should be strictly construed in favor of the taxing power. The words in such statutes should be given a reasonable, natural, and practical meaning to effectuate the purpose of the exemption. *Nat'l Food Corp. v. Aurora Cty. Bd. of Comm'rs,* 537 N.W.2d 564, 566 (S.D.1995) (citing *Thermoset Plastics, Inc. v. Dep't of Revenue,* 473 N.W.2d 136, 138–39 (S.D. 1991)); *see also Estate of He Crow v. Jensen,* 494 N.W.2d 186, 191 (S.D.1992) ( [stating] "[w]e construe administrative rules according to their intent as determined from the rule as a whole and other rules relating to the same subject.")

*Matter of Sales and Use Tax Refund Request of Media One, Inc.,* 1997 SD 17, ¶ 9, 559 N.W.2d 875, 877.

## DECISION

[¶ 6.] SkillPath argues it should be exempt from taxation under our laws because it is either a "vocational school" or a "continuing education program." SkillPath contends that SDCL 10–45–12.1 provides two sales tax exemptions for its seminars, "educational services" or "continuing education program." SDCL 10–45–12.1 provides, in pertinent part:

The following services enumerated in the Standard Industrial Classification Manuel, 1987, as prepared by the Statistical Policy Division of the Office of Management and Budget, Office of the President are exempt from the provisions of this chapter: ... *education services* (major group 82) except schools and educational services not elsewhere classified (industry no. 8299); ... The following are also specifically exempt from the provision of this chapter: ... *continuing education programs;* tutoring; vocational counseling, except rehabilitation counseling ....

**Educational Services**

■■■ [¶ 7.] SkillPath claims its services qualify as a vocational school exempt from tax under Major Group 82 "educational services." SDCL 10–45–12.1 adopts the classification scheme set forth in the Standard Industrial Classification Manual (SIC)[2] making it necessary to examine the SIC Manual in order to determine the proper classification. An updated version of the SIC Manual, the North American Industry Classification System (NAICS Manual), has been formulated, however the legislature has not incorporated the NAICS Manual into SDCL 10–45–12.1. "Creation of tax exemptions is exclusively within the province of the Legislature, not the judiciary." *H & R Roofing of South Dakota, Inc. v. Dep't of Revenue*, 2001 SD 39, ¶ 10, 623 N.W.2d 508, 511. Application of the NAICS Manual would in effect create tax exemptions not granted by our legislature.

[¶ 8.] SkillPath claims it falls under "vocational school" of the SIC Manual Industry Group 824. This Court has said, "[w]ords used by the legislature are presumed to convey their ordinary, popular meaning, unless the context or the legislature's apparent intention justifies departure." *Meyerink v. Northwestern Public Service*, 391 N.W.2d 180, 183–184 (S.D. 1986) (citing *State v. Big Head*, 363 N.W.2d 556, 559 (S.D.1985)). The plain meaning of vocational school is a "school, esp. one on a secondary level, that offers instruction and practical introductory experience in skilled trades such as mechanics, carpentry, and plumbing." American Heritage Dictionary 1511 (3d ed 1997).

[¶ 9.] The SIC Manual provides the following examples of "vocational schools:" "data processing schools," "computer repair training," "secretarial schools," "court reporting school," and "truck driving schools." It is clear from the plain meaning of vocational school and the examples provided in the SIC Manual that such programs are intended to teach one the skills necessary to work in a particular occupation or vocation. SkillPath's seminars are not aimed at providing one with the necessary skills to enter into a specific vocation or occupation. SkillPath is not a degree granting institution nor does SkillPath have a formal course of study. SkillPath offers seminars ranging in length from one to two days covering a variety of topics. SkillPath does not market its seminars to those interested in learning a vocation but targets those already working in a business. Ninety-five percent of SkillPath's attendees have their fees paid by their employers.

[¶ 10.] SkillPath does offer different computer related seminars such as "Computer Repair Training" and "CompuMaster–PC Troubleshooting" in which the attendees actually take a computer apart. However, attending one of SkillPath's seminars will not qualify one to become a computer repairman or a computer consultant. These courses are directed more towards being able to solve problems with one's own computer, not for the purpose of teaching a vocation.

■■■ [¶ 11] SkillPath's seminars are not aimed at teaching one a new vocation or specific occupation and cannot be classified as a "vocational school." We held in *Matter of the State Sales and Use Tax Liability of Pam Oil, Inc.*, 459 N.W.2d 251, 255 (S.D.1990) that "the general rule

---

**2.** The Standard Industrial Classification Manual was prepared in 1987 by the Statistical Policy Division of the Office of Management and Budget, Office of the president. The SIC Manual is divided into two-digit major groups and three-digit industry groups or four-digit industry codes.

has been established that the taxpayer has the burden of proving entitlement to a statutory exemption" (citations omitted). SkillPath has failed to meet this burden. To classify SkillPath as a "vocational school" would require this Court to legislate by broadening the definition of "vocational school" contrary to the premise that "[s]tatutes allowing tax exemptions are exactingly and narrowly construed in favor of the taxing entity." *Watertown Coop. Elevator Ass'n v. South Dakota Dep't of Revenue*, 2001 SD 56, ¶ 10, 627 N.W.2d 167, 171 (citing *Matter of State & City Sales Tax Liability of Quality Service Railcar Repair Corp.*, 437 N.W.2d 209, 211 (S.D. 1989)). It is clear the legislature did not intend SkillPath to be exempt from taxation as a vocational school. "Exemptions are a matter of legislative grace and doubts are resolved in favor of taxation." *Matter of Townley*, 417 N.W.2d 398, 400 (S.D.1987). The legislature obviously has not graced Graceland with an exemption.

### Continuing Education

[¶ 12.] SkillPath next argues it is exempt from taxation as a "continuing education" program. In SDCL 10–45–12.1 the legislature exempts "continuing education programs" without reference to the SIC Manual. This Court has held that services specifically listed in that part of the statute in which the legislature makes no reference to the SIC Manual will be exempt from tax, regardless of the classifications made in the SIC Manual. This is true so long as one carries the burden of proving that they fall within the exemption. *Welcome Wagon Int'l, Inc. v. South Dakota Dep't of Revenue*, 318 N.W.2d 5, 6–7 (S.D.1982). Therefore, a claim of exemption under "continuing education" is analyzed like any other exemption granted by the legislature.

[¶ 13.] SkillPath argues that this Court should apply the International Association for Continuing Education and Training's (Association) definition of "continuing education." This definition of "continuing education" in the settled record reads as follows: "a structured educational and training experiences for personal or professional development in which participants are assumed to have previously attained a basic level of education, training or experience." The Department argues the term "continuing education programs" refers to updating the skills necessary to perform a specific occupation.

[¶ 14.] Both this Court and the legislature have linked "continuing education" with updating one's skills in relation to a particular occupation. In *Brown v. State Board of Examiners in Optometry*, 263 N.W.2d 490, 494 (S.D.1978) we addressed "continuing education" as it pertained to the licensing of optometrists. Relying on SDCL 36–7–20.1 Continuing Education Required, the statute provides:

> All registered optometrists whenever licensed in the state of South Dakota are and shall be required to take courses of study in subjects relating to the practice of the profession of optometry to the end that the utilization and application of new techniques, scientific and clinical advances, and the achievements of research will assure expansive and comprehensive care to the public.

"Whenever the meaning of a word or phrase is defined in any statute such definition is applicable to the same word or phrase wherever it occurs except where a contrary intention plainly appears." SDCL 2–14–4. The legislature has enacted numerous other statutes requiring "continuing education" for a host of other occupations.[3] Each statute refers to "continuing

3. A list of these statutes are as follows: inter-

preters (1–36A–12), librarians (14–1–44(3)),

education" in reference to a specific occupation. The legislature has clearly manifested its intent to associate "continuing education" with a specific occupation.

[¶ 15.] SkillPath's seminars are not such that would qualify as "continuing education" for the purpose of updating an individual as to the newest development in one's specific field. Although SkillPath provides a few seminars targeted at specific occupations these seminars cannot be classified as "continuing education." SkillPath argues that a number of its seminars are directly related to "office procedures" and "secretarial skills." However, SkillPath has offered no proof that any of its seminars provide up-to-date information related to a specific occupation. SkillPath seminars are more of a "self-help" type seminar useful to one engaged in an occupation or not. For example, SkillPath offers a course called *The Essentials of Credibility, Composure, and Confidence,* which was described by SkillPath's vice-president of faculty and curricula, Ms. Mayorga, as a seminar to "teach [women] how not to cry, how to maintain their composure even when they're very upset or very angry." Clearly such a seminar would not be considered "continuing education." Teaching women not to cry is not a course necessary for a specific occupation but is merely a so-called "self-help" type of seminar useful to one whether at work, home, or elsewhere.[4]

[¶ 16.] SkillPath has failed to provide any evidence that its seminars are intended to up-to-date a person's knowledge about their occupation. In addition, SkillPath's seminars do not require anything more than a general education. SkillPath teaches basic introductory skills that anyone could understand. There is no indication that a formal education of any kind is required before attending a SkillPath seminar.

[¶ 17.] The trial court held SkillPath is more properly classified in SIC 8299 (Schools and Educational Services, Not Elsewhere Classified). Some of SkillPath's courses are consistent with the courses listed in SIC 8299. SkillPath's courses, *The Essentials of Credibility, Composure, and Confidence, How to Be-*

---

family court mediators (25–4–58.1(3)), mental health professionals (27A–1–9), physician assistants (36–4A–32), respiratory care practitioners (36–4C–14), chiropractors (36–5–15.3), dentists (36–6A–55), podiatrists (36–8–23), dieticians (36–10B–9), pharmacist (36–11–23.1), veterinarians (36–12–19.1), electricians (36–16–12), public accountant (36–20A–36), real estate professionals (36–21A–62), real estate appraisers (36–21B–3), licensing home inspectors (36–21C–6), hearing aid dispensers (36–24–12.1(15)), social workers (36–26–26), psychologists (36–27A–26), nursing facility administrators (36–28–21.1), athletic trainers (36–29–14), family therapists (36–33–14), and insurance producers and solicitors (58–30–116).

4. In addition, the record reflects that SkillPath's seminars covered a wide array of topics, mostly dealing with personal self-improvement. For example, they included seminars on organizational skills (*Managing Multiple Projects, Objectives and Deadlines; First Things First;* and *Fundamentals of Successful Project Management*); seminars on communication skills (*How to Design Attention Grabbing Brochures, Catalogues, Ads, Newsletters, and Reports; Assertive Communication Skills for Women;* and *How to Become a Better Communicator*); seminars on creative thinking (*How to Think Outside the Box*); seminars on image (*The Essentials of Credibility, Composure and Confidence*); seminars marketed to women (*The Women's Conference;* and *Conflict Management Skills for Women*); seminars on inter-office and public relations skills (*The Indispensable Assistant; The Essentials of Excellent Customer Service;* and *Coaching and Teambuilding Skills for Managers and Supervisors*); and, seminars on computer programs and computer tasks (*PC Troubleshooting; Using the Internet; Mastering Adobe Photoshop;* and *Conference for Windows Users*).

come a *Better Communicator*, and *Assertive Communication Skills for Women*, fall under "personal development schools" within SIC 8299. For example, Ms. Mayorga described the *Assertive Communication Skills for Women* seminar as a course to teach women "how to negotiate to get what you need in the office ... and how to be calm and know the difference between aggressive and assertive and passive." This course would clearly fit into the "personal development schools" within SIC 8299.

[¶ 18.] Alternatively, the trial court found SkillPath's seminars could be classified in SIC 7389 (Lecture Bureaus), Major Group 73. Major Group 73 of the SIC Manual "includes establishments primarily engaged in rendering services, not elsewhere classified, to business establishments on a contract or fee basis ..." Under SDCL 10–45–5.2 Major Group 73 in its entirety, is specifically subject to tax. The term "lecture bureau" is undefined in the SIC Manual. This Court has said "words used by the legislature are presumed to convey their ordinary popular meaning." *State v. Harris*, 494 N.W.2d 619, 622 (S.D.1993). The definition of lecture is "[a]n exposition of a given subject delivered before an audience or class." American Heritage Dictionary 773 (3rd ed 1997). A bureau is a "business that offers information of a specified kind: a travel bureau." American Heritage Dictionary 187 (3rd ed 1997). Therefore a "lecture bureau" is a business that offers information about a specific subject that is presented to a group of people.

[¶ 19.] SkillPath is a business primarily engaged in providing services to other businesses. SkillPath markets directly to other businesses and ninety-five percent of its attendees fees are paid by employers. In addition, SkillPath's seminars are presented by independent contractors and are generally held in hotel rooms.

[¶ 20.] SkillPath does not fit under "vocational school" or "continuing education" and is more properly classified under SIC 8299 or in the alternative SIC 7389 and thus not exempt from tax.

[¶ 21.] SkillPath has not carried its burden of proving entitlement to the exemption under SDCL 10–45–12.1. We affirm.

[¶ 22.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.

[¶ 23.] MEIERHENRY, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.