#24616-a-BJORKMAN, Circuit Judge
**2008 SD 34**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

SIOUX FALLS SHOPPING NEWS, INC.            Appellant,

v.

DEPARTMENT OF REVENUE
AND REGULATION,                                    Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE LORI S. WILBUR
Judge

\* \* \* \*

MARK V. MEIERHENRY and
PATRICK J. GLOVER of
Danforth and Meierhenry
Sioux Falls, South Dakota            Attorneys for appellant.

HARVEY M. CROW
Department of Revenue and Regulation
Pierre, South Dakota            Attorneys for appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
FEBRUARY 11, 2008

OPINION FILED 4/23/08

#24616

BJORKMAN, Circuit Judge

[¶1.]        Sioux Falls Shopping News, Inc., (Shopping News) appeals from the circuit court's judgment affirming the decision of the South Dakota Department of Revenue and Regulation (Department) that the money Shopping News paid for its delivery and distribution services was subject to the use tax.  We affirm.

FACTS

[¶2.]        Shopping News publishes a weekly advertiser distributed free to the general public in the Sioux Falls area.  Shopping News contracts with drivers who take the papers from Shopping News' Sioux Falls headquarters and deliver them to drop-off points within a forty mile radius of Sioux Falls.  Local carriers - boys and girls between the ages of nine and twelve - pick up the publication at the drop-off points and deliver it door-to-door to homes in the area.

[¶3.]        Department conducted an audit of the Shopping News from June 2001 through May 2004.  The audit resulted in an assessment of use tax on the fees Shopping News paid the contract drivers and local carriers, in the amount of $18,675.63, with an additional $4,704.25 assessed for interest.

[¶4.]        Shopping News appealed Department's determination.[1]   The Administrative Law Judge (ALJ) concluded that Shopping News failed to prove entitlement to a statutory exemption from the tax, and entered a proposed decision, which Department's Secretary adopted as Department's final decision.  Shopping News then appealed the ALJ's decision to the circuit court.

---

1.      Department assessed other items as well, but Shopping News contests only the tax related to contract driver and carrier labor.

#24616

[¶5.]     After the circuit court affirmed the ALJ's decision, Shopping News

appealed to this Court.  Shopping News raises four issues:

> Whether the circuit court applied the correct standard of
> review in affirming Department's decision.
>
> Whether the taxpayer is exempt from the use tax because
> the publication being delivered is a shoppers' guide.
>
> Whether distribution and delivery services are exempt
> from the use tax.
>
> Whether local carriers are Shopping News' employees,
> exempting their services from the use tax.

STANDARD OF REVIEW

[¶6.]     We examine agency findings in the same manner as the circuit court,

to decide whether, in light of all the evidence, the findings are clearly erroneous.

TAK Communications v. South Dakota Unemployment Ins. Div., 2007 SD 68, ¶ 8,

736 NW2d 840, 842.  "'If after careful review of the entire record we are definitely

and firmly convinced a mistake has been committed, only then will we reverse.'" *Id*.

(citing Streeter v. Canton School Dist., 2004 SD 30, ¶ 14, 677 NW2d 221, 225).

Questions of law are fully reviewable.  Sopko v. C & R Transfer Co., Inc., 1998 SD 8,

¶ 6, 575 NW2d 225, 228.

[¶7.]     The standard of review regarding imposition of and exemption from

tax is well settled in South Dakota:

> The question of whether a statute imposes a tax under a
> given factual situation is a question of law.  Statutes
> which impose taxes are to be construed liberally in favor
> of the taxpayer and strictly against the taxing body.
> Statutes exempting property from taxation should be
> strictly construed in favor of the taxing power.  The words
> in such statutes should be given a reasonable, natural,

and practical meaning to effectuate the purpose of the statute.

Butler Machinery Co. v. South Dakota Dept. of Revenue, 2002 SD 134, ¶ 6, 653 NW2d 757, 759 (citations omitted) (quoting Robinson v. Muenster Associates, Inc. v. South Dakota Dept. of Rev., 1999 SD 132, ¶ 7, 601 NW2d 610, 612.

ANALYSIS AND DECISION

ISSUE ONE

[¶8.] **Whether the circuit court applied the correct standard of review in affirming Department's decision.**

[¶9.] Shopping News contends that the circuit court, in affirming Department's decision, applied an incorrect standard of review, asserting that the applicable standard is set out in Matter of Sales and Use Tax Refund Request of Media One, 1997 SD 17, ¶ 9, 559 NW2d 875, 877. Under that standard, a reviewing court was required to affirm an agency's findings if there was some "substantial evidence" in the record to support them. *Id.* This Court no longer employs the substantial evidence test, however. This change, first announced in *Sopko*, 1998 SD 8, ¶ 7, 575 NW2d at 228-29, reflects the legislature's amendment of SDCL 1-26-36, which changed the standard of review for sufficiency of the evidence from "unsupported by substantial evidence on the whole record" to "[c]learly erroneous in light of the entire evidence in the record[.]"[2] Therefore, this Court declines to adopt

---

2. The amendment was effective July 1, 1978. *Sopko*, 1998 SD 8, ¶ 7, 575 NW2d at 228. Our decision in *Sopko*, which addressed this statutory change, was handed down ten months after *Media One*. In this case, the applicable standard is of little significance, since neither party challenged the facts found by the ALJ. Both parties argued the case on undisputed facts, and treated the issues before the trial court as questions of law.

Shopping News' proposed standard of review and holds that the circuit court applied the correct standard.

ISSUE TWO

[¶10.] **Whether the taxpayer is exempt from the use tax because the publication being delivered is a shoppers' guide.**

[¶11.] Shopping News contends that the fees it paid to contract drivers and local carriers for their distribution and delivery services are exempt from the use tax by virtue of SDCL 10-46-9.1. We disagree.

[¶12.] Sales tax is imposed "upon the gross receipts of any person from the engaging or continuing in the practice of any business in which a service is rendered." SDCL 10-45-4. Any "service" as defined by SDCL 10-45-4.1 is taxable, unless the service is specifically exempt from the provisions of SDCL ch 10-45. SDCL 10-45-4. "Service" means "all activities engaged in for other persons for a fee, retainer, commission, or other monetary charge, which activities involve predominantly the performance of a service as distinguished from selling property." SDCL 10-45-4.1.

[¶13.] SDCL 10-46-2.1 imposes a use tax on a person using services, measured by the value of the services at the time they are rendered. This statute imposes a tax upon the use of a service unless it is specifically exempted by SDCL 10-46-17.3. The use tax is intended to complement and supplement the sales tax. *Media One*, 1997 SD 17, ¶ 20, 559 NW2d at 882. Prior to its repeal, SDCL 10-46-57 specifically imposed a use tax on the "privilege of the use of any transportation of

#24616

tangible personal property" if that transportation began and ended within South Dakota.[3]   SDCL 10-46-57 (1996 rev).

[¶14.]        SDCL 10-45-12.1, incorporated in the use tax law by SDCL 10-46-17.3, exempts specific services from the tax.  SDCL 10-45-12.1 identifies "advertising services" as exempt from the sales tax. SDCL 10-46-9.1 defines shoppers' guides as free "advertising publications."[4]

[¶15.]        Shopping News contends that, because the legislature defined shoppers' guides as advertising publications in SDCL 10-46-9.1, it intended to exempt not only the income from the sale of advertising, but also the related cost of delivering those services, including the fees Shopping News paid to its contract drivers and delivery carriers.

[¶16.]        We decline to adopt Shopping News' argument.  The language of SDCL 10-46-9.1 specifically exempts from the use tax the costs of "[i]nk and newsprint when used in the production of shoppers' guides[.]"  It provides no relief from the tax Shopping News now contests.

ISSUE THREE

[¶17.]        **Whether distribution and delivery services are exempt from the use tax.**

---

3.    SDCL 10-46-57 was enacted by the 1996 legislature.  *See* 1996 SDSessL ch 83, § 2.  It was repealed effective July 1, 2004.  *See* 2004 SDSessL ch 94, § 12.

4.    More fully stated, SDCL 10-46-9.1 defines shoppers' guides to include "advertising publications whose advertisements are solicited from the general public and whose publications are for free distribution to the general public and are published regularly at least once a month, consisting of printed sheets containing advertising, bearing a date of issue, and devoted to advertising of general interest."

[¶18.]    Shopping News next argues that, even if SDCL 10-46-9.1 does not exempt all costs related to advertising services, the money Shopping News pays for contract drivers and delivery carriers is still exempt from the use tax because those payments fall within the scope of advertising services exempted by SDCL 10-45-12.1.  Shopping News bears the burden of proving that the fees it pays to the contract drivers and local carriers to distribute the publication fall within a statutory exemption.  *Graceland College Center for Professional Development and Lifelong Learning, Inc. v. South Dakota Department of Revenue*, 2002 SD 145, ¶ 11, 654 NW2d 779, 783-84.

[¶19.]    Some background is necessary to aid in the analysis of Shopping News' assertion.  SDCL 10-45-5.2 specifically subjects to taxation the services enumerated in the Standard Industrial Classification Manual (SIC Manual) 1987.[5] Major group 73, business services, is among those services.  We have previously addressed this major group.  "Major Group 73 of the SIC Manual 'includes establishments primarily engaged in rendering services, not elsewhere classified, to business establishments on a contract or fee basis. . .'  Under SDCL 10-45-5.2 Major Group 73 in its entirety, is specifically subject to tax." *Graceland College*, 2002 SD 145, ¶ 18, 654 NW2d at 786.  SIC Industry No. 7319 subjects to taxation businesses that distribute advertising materials and provide delivery services on a

---

5.    This manual is prepared by the Statistical Policy Division of the Office of Management and Budget, Office of the President.  SDCL 10-45-5.2.  The SIC Manual is divided into two-digit major groups and three-digit industry groups or four-digit industry codes. *Graceland College*, 2002 SD 145, ¶ 7 n2, 654 NW2d at 783.

contract or fee basis to businesses engaged in advertising services. This category includes those drivers and local carriers with whom Shopping News contracted.

[¶20.] SDCL 10-45-12.1 exempts certain services from tax. The greater part of the statute employs the SIC Manual to define specified exempt services. The statute also exempts services not listed in the SIC Manual, including "advertising services."

[¶21.] Shopping News draws from our decision in *Welcome Wagon Intern., Inc. v. South Dakota Dept. of Revenue*, 318 NW2d 5 (SD 1982), to support its claimed exemption. In *Welcome Wagon*, the circuit court upheld Department's determination that Welcome Wagon's revenue was subject to the state sales and service tax. On appeal, Welcome Wagon claimed that it was misclassified in a non-advertising category by the federal government in the 1972 version of the SIC Manual, but that the misclassification should not prevent it from receiving an exemption under SDCL 10-45-12.1 since it was an advertising service specifically exempt under SDCL 10-45-12.1. In reversing the circuit court, we stated:

> Appellant argues that since 12.1's exemption for advertising services is found in that part of the statute which does not specifically refer to the SIC Manual, any service, however or whether classified in the SIC Manual, which can prove it is an advertising service should be allowed the exemption for advertising services. We agree.

*Welcome Wagon,* 318 NW2d at 7.

[¶22.] Shopping News then points to SIC Industry No. 7319, "Advertising, Not Elsewhere Classified," which lists, among other types of advertising, "shopping news advertising and distributing service." Shopping News argues that this language from the SIC Manual supplies the applicable definition of "advertising

services" contained in SDCL 10-45-12.1, thus entitling it to an exemption from the use tax.

[¶23.] Shopping News' reliance on our language in *Welcome Wagon* is misplaced. The import of our decision in that case is that the business service in question must be analyzed to determine whether it fits within the sales tax exemption for advertising services. The business service involved in *Welcome Wagon* was the distribution of promotional literature to local residents – advertising services which SDCL 10-45-12.1 exempts from the sales tax. The issue now before the Court is different. Here the question is not whether Shopping News is an advertising service subject to *sales* tax, but rather, whether the monies it paid to contract drivers and local carriers is subject to the *use* tax. We have frequently held that, when examining whether a tax applies, the focus belongs on the transaction, not the character of the participants. *Media One*, 1997 SD 17, ¶ 17, 559 NW2d at 880; Cooperative Agronomy Services v. South Dakota Department of Revenue, 2003 SD 104, ¶ 8, 668 NW2d 718, 721.

[¶24.] ARSD 64:06:02:03 defines "advertising services" as "the business of preparing advertisements for publication" in the media stated in the rule. The administrative rule includes neither distribution nor delivery services within the definition. Administrative rules have "'the force of law and are presumed valid.'" *Media One*, 1997 SD 17, ¶ 11, 559 NW2d at 878 (citations omitted). Indeed, ARSD 64:06:02:03 provides an exemption from tax for "[s]ervices purchased by the agency to assist it in completing a project for a current customer . . . if the service is an integral and inseparable component of the ultimate service to its customer . . .."

To claim the exemption, the entity seeking it must supply "*the service provider with an exemption certificate.*" *Id.* (emphasis added). The record does not demonstrate that Shopping News provided either the contract drivers or local carriers with an exemption certificate, and Shopping News does not contend that the questioned services fit within ARSD 64:06:02:03's exception.

[¶25.] Shopping News' claim that the services are exempt is further weakened by the language of SDCL 10-46-9.1 itself, which provides those publishing shoppers' guides with specific exemptions from the use tax for the cost of ink and newsprint. The legislature's reference to these exemptions undercuts Shopping News' claim that the legislature intended to exempt costs for services by contract drivers and local carriers, which are not provided for in that statute.

[¶26.] Shopping News' argument would require us to adopt a definition of advertising services the legislature did not enact. "This Court may not add language to a statute by 'judicial legislation.'" Hannon v. Weber, 2001 SD 146, ¶ 5, 638 NW2d 48, 49 (citing Rabenberg v. Rigney, 1999 SD 71, ¶ 9, 597 NW2d 424, 426; In re Estate of Gossman, 1996 SD 124, ¶ 11, 555 NW2d 102, 106 ("A court is not at liberty to read into the statute provisions which the legislature did not incorporate, or enlarge the scope of the statute by an unwarranted interpretation of its language.")). If we were to adopt SIC Industry No. 7319's language as the definition for advertising services contained in SDCL 10-45-12.1, we would be broadening the exemption beyond the language the legislature employed.

[¶27.] Shopping News has not met its burden to show that it is entitled to an exemption from the use tax for monies it paid to contract drivers and local carriers.

ISSUE FOUR

[¶28.]      **Whether local carriers are Shopping News' employees exempting their services from the use tax.**

[¶29.]      SDCL 10-46-2.1 exempts from the use tax "services rendered by an employee for the use of his employer . . .."  Shopping News contends that the local carriers - delivery boys and girls - are employees rather than independent contractors, and thus, that the services rendered by them are exempt from the use tax.  The ALJ found that the boys and girls who delivered the Shopping News were contract carriers, not Shopping News' employees.[6]  In its appeal to the circuit court, Shopping News did not challenge this finding.[7]  It first raised the issue on appeal to this Court. "Generally, this Court will not address issues raised for the first time on appeal and not presented to the trial court."  State v. Olson-Lame, 2001 SD 51, ¶ 6, 624 NW2d 833, 834.  This rule exists to permit a trial court an opportunity to correct claimed error, prior to appeal.  State v. Henjum, 1996 SD 7, ¶ 13, 542 NW2d 760, 763.  Since this issue was not raised below, this Court will not address it now.

[¶30.]      The decision of the circuit court is affirmed.

[¶31.]      BJORKMAN, Circuit Judge, for MEIERHENRY, Justice, disqualified.

---

6.    The testimony to support this finding came from Shopping News' president, K. A. Lesner, who acknowledged during cross examination that the local carriers were not Shopping News' employees.

7.    Indeed, in argument before the circuit court, Shopping News' counsel informed the court there were no facts in dispute in the administrative appeal, and that, "the kids are paid weekly, they are not employees at all." Moreover, Shopping News did not provide Department's auditor with W-2 forms indicating that the carriers were its employees.

[¶32.]        GILBERTSON, Chief Justice, and SABERS, KONENKAMP and

ZINTER, Justices, concur.