KERN, Justice
(dissenting).
[¶ 24.] This Court should reverse the circuit court and affirm the assessment imposed by the Department. The majority opinion, relying on Hallett, Friessen, and SDCL 10-46-2, holds that “Northern Border had to own the gas for use tax to *589 be imposed.” See supra majority opinion ¶ 17. SDCL 10-46-2 provides that “[a]n excise tax is hereby imposed on the privilege of the use, storage, and consumption in this state of tangible personal property purchased for use in this state at the same rate of percent of the purchase price of said property as imposed pursuant to chapter 10-45.” The majority opinion divides the taxability under this statute into two requirements: (1) evidence that there is “use, storage, and consumption in this state of tangible personal property,” and (2) evidence that the tangible personal property was “purchased for use in this state[.]”
[¶ 25.] I agree with the majority opinion’s assumption that the Department proved that gas is tangible personal property and Northern Border consumed it in South Dakota. See supra majority opinion ¶ 11. I disagree, however, that the phrase — “purchased for use in this state” — implicates the statutory definition of “use” under SDCL 10-46-1(17). Northern Border does not claim that SDCL 10-46-2 is ambiguous. Therefore, under our rules of statutory interpretation, this Court’s only function is to declare the meaning of the statute as clearly expressed. Magellan Pipeline Co., 2013 S.D. 68, ¶ 9, 837 N.W.2d at 404. Here, the words “purchased for use in this state” are clear and require no construction. The “for use” is connected to the “purchase,” not the taxpayer’s privilege of the “use, storage, and consumption of tangible personal property.”[18]' See SDCL 10 — 46-2. The crux of the analysis, therefore, is whether the gas was “purchased for use in this state,” not whether Northern Border’s use (as defined by SDCL 10-46-1(17)) of the gas in this state was incidental to its ownership of the gas.
[¶ 26.] To conclude otherwise is to engage in statutory construction. Indeed, in construing the phrase “purchased for use in this state,” the majority opinion goes beyond the direct text and draws the conclusion that the Legislature intended the “use” in “purchased for use in this state” to mean the same thing as the “use” in “use, storage, and consumption[.]” See supra majority opinion ¶ 17 n. 15 (explaining the difference between statutory interpretation and construction). Yet, the majority opinion specifically notes that South Dakota’s statute does not contain the words “storage” or “consumption” in relation to the purchase. See supra majority opinion ¶21 n. 17. Thus, to reach its conclusion, the majority opinion must consider subjects that lie beyond the plain and direct textual expression. See id. ¶ 19 (distinguishing Minnesota statute that contains the phrase “purchased for use, storage, distribution, or consumption”).
[¶ 27.] Taking the words in their ordinary and usual sense, on the other hand, is simply interpreting the statute as expressed — is there a purchase of gas for use of that gas in this state? Under the facts before this Court, it is undisputed that there is a purchase. Indeed, as the majority opinion notes, there was an exchange for consideration and “the tariff required shippers to allow their gas to be burned[.]” See supra majority opinion ¶ 12 (emphasis added). It is further undisputed that the gas was purchased for use in this State. “[T]he tariff required shippers to allow their gas to be burned in exchange for Northern Border’s transportation service.” Id. (emphasis added). Thus, Northern *590 Border’s privilege of consuming tangible personal property (gas) purchased (exchange for consideration) by the shippers for use in this State (the three compressor stations in South Dakota) is a taxable event.
[¶ 28.] Furthermore, the circuit court erred when it held that the exemption under SDCL 10-46-55 applies. “Statutes exempting property from taxation should be strictly construed in favor of the taxing power.” Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc. v. S.D. Dep’t of Revenue, 2002 S.D. 145, ¶ 5, 654 N.W.2d 779, 782 (quoting In re Sales & Use Tax Refund Request of Media One, Inc., 1997 S.D. 17, ¶ 9, 559 N.W.2d 875, 877). The plain language of SDCL 10-46-55 exempts a specific service: “The provision of natural gas transportation services by a pipeline is exempt from the provisions of this chapter and from the computation of the tax imposed by this chapter.” Yet, here, the excise tax arises out of Northern Border’s privilege of consuming gas purchased for use in South Dakota. See SDCL 10-46-2. The tax is not being imposed because Northern Border is providing a service to the shippers. See, e.g., Magellan, 2013 S.D. 68, ¶¶ 12-14, 837 N.W.2d at 405-06 (discussing the exemption of pipeline services). Because the tax imposed under SDCL 10-46-2 arises out of Northern Border’s consumption of tangible personal property, and not its natural gas transportation service, SDCL 10-46-55 does not apply.
[¶ 29.] For these reasons, I respectfully dissent.
[¶ 30.] SEVERSON, Justice, joins this dissent.

. Hallett, 80 S.D. 68, 119 N.W.2d 117 and Friessen, 90 S.D. 60, 238 N.W.2d 278 support that the statutory definition of "use” is implicated in assessing the taxpayer’s "privilege of the use, storage, and consumption of tangible personal property” and not "use” in relation to "purchase.” See SDCL 10-46-2 (emphasis added).